Before STATE INDUSTRIAL BOARD, Respondent.

EDWARD F. GRABENSTATLER, Respondent, *v.* ROCK ASPHALT AND CONSTRUCTION COMPANY and Another, Appellants, Impleaded with ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, Respondent.

Third Department, January 6, 1926.

Workmen's compensation — coverage — policies issued by two companies covered generally different branches of work — each policy contained special item covering drivers wherever engaged — claimant was engaged as driver on special work — employer and both companies are liable — State Industrial Board has power to apportion liability of one-half to each company.

Two insurance carriers who have issued policies each covering a distinct line of work of the insured are liable for an injury suffered by a driver of the employer who, at the time of the injury, was engaged at special work not within the principal items of either policy, since it appears that both policies contained an item which covered drivers and drivers' helpers wherever engaged, and that a premium rate was set up therefor in each policy.

Since both policies contained a provision that in case insurance was carried in another company the insurer would not be obligated to pay a larger proportion of any claim than the sum insured bears to the whole amount of valid and collectible insurance, the State Industrial Board had the power to apportion the liability between the two carriers at one-half the award to each carrier.

APPEAL by Rock Asphalt and Construction Company and another from an award of the State Industrial Board, made on the 10th day of March, 1925.

*E. C. Sherwood [William B. Davis* of counsel], for the appellants.

*Alfred W. Andrews [Carlton E. Ladd* of counsel], for the respondent Zurich General Accident and Liability Insurance Company.

HINMAN, J.    The employer was insured against claims under the Workmen's Compensation Law under two separate policies written by two separate insurance companies. Apparently the employer intended to divide its general line of work into two distinct fields, separately insured. The proof shows that the work that was being done by claimant at the time of his injury was out of the general line of the employer's work and not covered by the principal items of either policy. The work was, however, covered by an item inserted in each policy which covered " Drivers and drivers' helpers (if not included in 1) wherever engaged   *   *   *   if any," and a premium rate was set up therefor in each policy. At the time of his injury claimant was working under the direct supervision of a fore-

17

man of the International Railway Company which was laying its own rails with its own men upon a new overhead crossing. Claimant's employer was not doing the work but at the request of the railway company had sent claimant there as the driver of a truck to haul rails to the site of the work. There is no proof that compliance with this request of the railway company was incidental to any contract between that company and this employer under which the latter was under contract to do maintenance of way work for the former. The proof shows rather that the supplying of this truck and the services of claimant as driver was a special employment outside of this employer's general line of work. We hold that the employer and both carriers were liable and that an award should have been made accordingly.

Both policies contain the following clause: " J. If this employer carries any other insurance covering a claim covered by this policy, he shall not recover from the Company a larger proportion of any such claim than the sum hereby insured bears to the whole amount of valid and collectible insurance."

The State Industrial Board was not without power to apportion the liability between the two carriers. " It would seem necessarily to follow that if the insurance company may be made a party to the original application to the Commission for compensation, all its rights may be there litigated and determined precisely the same as those of the employer." (*Matter of Skoczlois* v. *Vinocour*, 221 N. Y. 276, 282. See, also, *Matter of Cheesman*, 236 N. Y. 47, 51.) The Court of Appeals has also said in *Matter of Jaabeck* v. *Crane's Sons Co.* (238 N. Y. 314, 318): " The State Industrial Board, therefore, had jurisdiction to determine the liability of the insurance carrier under its policy, and either the carrier or the employer being parties in interest could appeal to the higher courts." By the very terms of each of these policies in this case, the liability of the carrier was limited to the payment of only a proportionate share of the claim where other insurance covered the claim. If all the rights of a carrier may be litigated and determined by the Board, as the Court of Appeals has said, that cannot be done under the terms of either of these policies without apportioning the liability between the carriers. There is nothing in the Workmen's Compensation Law inconsistent with the exercise of such a power. Rather it would be a great inconvenience inconsistent with the purpose of that law if the Board did not have the power to apportion the liability in a case of this kind. The proportion to each carrier would necessarily be one-half of the liability, since the limit of compensation to be paid under each policy to any and all claimants during the period of the policy is

fixed by the Workmen's Compensation Law. The employer is not insured up to an agreed aggregate stated in a particular sum of money in the policy. No equitable considerations enter into the apportionment such as would require the exercise of the power of a court of equity. The policies and the Workmen's Compensation Law definitely fix the liability. It is a simple matter of contract, the provisions of the Workmen's Compensation Law being expressly read into the contract. Each of the policies in question purports to be a universal standard policy and contains the following provision: " the jurisdiction of this employer, for the purposes of any Workmen's Compensation Law covered hereby, shall be jurisdiction of the Company and the Company shall in all things be bound by and subject to the findings, judgments, awards, decrees, orders or decisions rendered against this employer in the form and manner provided by such laws and within the terms, limitations and provisions of this policy not inconsistent with such laws."

The award should be reversed and the matter remitted, with directions to make a new award in accordance with the views expressed in this opinion, without costs.

All concur.

Award reversed and matter remitted, without costs.