HICKEY, Respondent, vs. WISCONSIN MUTUAL INSURANCE COMPANY, Appellant.

*September 8—October 7, 1941.*

434

For the appellant there was a brief by *Stroud, Stebbins & Wingert,* attorneys, and *E. L. Wingert* and *R. G. Tulane* of counsel, all of Madison, and oral argument by *E. L. Wingert.*

For the respondent there was a brief by *Gordon, Law, Brody & Johns* of La Crosse, and oral argument by *Robert D. Johns.*

FAIRCHILD, J. Appellant, having assumed control over the litigation in the case where respondent was plaintiff and Ethel Samuels defendant, now seeks to avoid its responsibility as insurer and to be excused from satisfying the judgment obtained against the insured by showing that with the consent of the insured it reserved to itself the right to repudiate lia-

bility. Appellant relies on the general rule which we recognize that an insurer may defend the insured and still reserve its defenses on the policy in regard to coverage or forfeiture. 29 Am. Jur. p. 672, § 878; p. 673, § 879; 72 A. L. R. 1498, 76 A. L. R. 169. The rule was recognized in *Buckner v. General Casualty Co.* 207 Wis. 303, 241 N. W. 342; *Coleman v. New Amsterdam Casualty Co.* 247 N. Y. 271, 160 N. E. 367.

The trial court in its conclusions of law held that the appellant waived any defense it may have had in respect to the timeliness of notice of the accident by appearing in the action and conducting the same for the assured in full possession of the knowledge that no notice of the accident had been given by the assured according to the terms of the policy. This conclusion that appellant waived any defense with respect to the timeliness of notice must be affirmed. The circumstances are that the company when first notified of the claim informed Mrs. Samuels, the insured, that it might have a policy defense but that it would proceed nevertheless to conduct investigations and to represent her. The notice given Mrs. Samuels called attention solely to an alleged misrepresentation in securing the policy. When the nonwaiver agreement permitting appellant to reserve its defense was entered into a short time before the trial was begun no claim had been made as to the lack of timeliness of notice of the accident and none was then made. The conduct of appellant before its letter to respondent amounted to a waiver of the defense of an untimely notice. 29 Am. Jur. p. 633, § 832; 76 A. L. R. 159, 174; *Columbia Casualty Co. v. Ingram,* 154 Md. 360, 140 Atl. 601. Knowing of the delayed notice, appellant nevertheless immediately conducted the investigation and preparation for trial of the case. Neither in its letter referring to the alleged misrepresentation nor in the nonwaiver agreement did appellant specifically refer to the lack of notice or give any indication of its

intention to raise any objection on that ground. Failure to give the prescribed notice does not appear to have affected the rights or interfered in any way with the management of the defense. It is evident that the failure was not regarded by the insurer at the time as of any consequence.

The evidence fails to support the claim of misrepresentation. Appellant showed no interest in any activity of Ethel Samuels which might affect the risk of insuring her until after the accident and the action against her. There having been no misleading of appellant by the insured no reason exists on which to base a ruling in appellant's favor in this particular. Appellant's agent frankly admitted upon adverse examination that occasionally—and this was one of those occasions—they issued a policy to an applicant, upon an application and the payment of the premium, without regard "to who the risk is." The contention, that the statement in the application that Ethel Samuels was married, resulted in misleading and deceiving appellant and prevented an inquiry as to her mode of living must fall as a defense. It is true that a judgment of divorce was had in an action between parties of the same name several years before the insurance was secured by Ethel Samuels and that such judgment of divorce gives rise to a presumption that such unmarried status still exists. But that presumption is overcome by another presumption growing out of the relations of Ethel Samuels and Andrew Samuels and their general repute as man and wife, the presumption being that a man and woman openly cohabiting are married. 20 Am. Jur. p. 205, § 207; 1 Jones, Commentaries on Evidence (2d ed.), p. 96, § 51. These people were known to be living together and using the same name. Their residence was known and the evidence shows they were reputed to be man and wife.

The trial court, in holding appellant responsible notwithstanding the waiver agreement, was convinced, as we are,

that no misrepresentation of fact was made by the applicant in securing the policy and that no defense now exists on that ground. As the matter now stands it would be neither just nor within the meaning of the contract as expressed in the application and the policy to hold that the company is relieved of its liability on any of the grounds now urged.

*By the Court.*—Judgment affirmed.