UNITED STATES GUARANTEE COMPANY, Respondent, vs.
LIBERTY MUTUAL INSURANCE COMPANY, Appellant.*

*November 11—December 7, 1943.*

* Motion for rehearing denied, with $25 costs, on February 15, 1944.

318

For the appellant there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *Henry H. Otjen*.

For the respondent there was a brief by *Gold & McCann* of Milwaukee, and oral argument by *Ray T. McCann*.

BARLOW, J.   The policy of the plaintiff, United States Guarantee Company, is known as a "National Standard Auto-

mobile Liability Policy," and the policy of the defendant, Liberty Mutual Insurance Company, is known as a "Public Liability Policy." Each policy contained the usual provision to defend the assured in actions commenced against it, subrogation clause, and a provision relative to other insurance. In substance, the paragraph relative to other insurance in each policy provided that if the assured carried a policy of another insurer against loss and expense covered by its agreement, the assured shall not recover from the company a larger portion of the entire loss and expense than the amount of the policy bears to the total amount of valid and collectible insurance applicable thereto. The policy limit under plaintiff's policy was $25,000 and under defendant's policy $20,000.

It is undisputed that if no other insurance had been in effect except defendant's policy, it would have been liable for the entire damages in question. With an additional policy in effect, defendant now seeks to avoid contribution, claiming that plaintiff's policy is specific as to coverage and that defendant's policy is general and the liability of the specific policy is primary, thus releasing defendant. Plaintiff's policy covered all motor vehicles of assured wherever used, including the one that caused this injury. Assured owned and operated a large number of motor vehicles in the conduct of its business. Defendant's policy covered hazards that arise when members of the public come upon assured's premises to do business with it or by the company's invitation, which included Gaurkee, the injured person, and was limited to injuries occurring on the specific premises or public highways immediately adjoining. Defendant's contention is not sound. The purpose of each contract was to cover the loss in question. Both contracts were general for the type of losses covered. Defendant relies on *Trinity Universal Ins. Co. v. General Accident Fire & Life Assur. Corp.* 138 Ohio St. 488, 35 N. E. (2d) 836, which is not applicable, as the policy in question in that case specifically provided that it was additional insurance only.

Defendant's policy provided that no action shall lie against it unless the loss has been definitely determined, (a) by final judgment after trial of the issues in an action against the assured, or (b) by agreement of the parties made with the consent of the company. It is claimed that none of these conditions have been complied with, and the action therefore cannot lie. The Gaurkee action was brought to trial and settlement made the second day of the trial. The settlement was approved by the court and order was made for the distribution of the funds as provided by sec. 102.29 (2), Stats. The fairness of the settlement is not questioned. Defendant had refused to defend the action and therefore disclaimed liability. Certainly defendant would have refused to consent to the settlement if its consent had been requested. The refusal of the defendant to perform its obligation to defend this action constituted such a breach of its contract as to release the assured or its subrogee from the condition contended for. In effect, it amounted to a waiver of this condition. *Jaloff v. United Auto Indemnity Exch.* 121 Or. 187, 253 Pac. 883; *Independent M. & C. Co. v. Ætna L. Ins. Co.* 68 Mont. 152, 216 Pac. 1109; *Jones v. Southern Sur. Co.* 210 Iowa, 61, 228 N. W. 98, 230 N. W. 381; *Murphy & Co. v. Manufacturers Casualty Co.* 89 Pa. Super. 281.

It is next contended that when plaintiff paid the full amount of damages to Gaurkee, the payment made by it in excess of its proportionate share as provided in the "other insurance" clause in the policy was voluntary and no recovery can be had. In examining the facts under which this claim is made, we find that defendant, under the terms of its contract, was required to defend assured in the Gaurkee action. Its contract provided as follows:

"To defend in the name of and on behalf of the assured any suits which may at any time be brought against the assured on account of such injuries not herein excluded, including suits alleging such injuries and demanding damages

therefor, although such suits, allegations or demands are wholly groundless, false or fraudulent."

This part of the contract was effective even though defendant may have disclaimed liability for damages if any were recovered. If it desired to negative any waiver of its rights by so defending, all it had to do was notify the assured it was not waiving any of its rights or defenses in respect to coverage or its liability. *Hickey v. Wisconsin Mut. Ins. Co.* (1941) 238 Wis. 433, 300 N. W. 364; *New Amsterdam Casualty Co. v. Simpson* (1941), 238 Wis. 550, 300 N. W. 367; *Wisconsin Transp. Co. v. Great Lakes Cas. Co.* (1942) 241 Wis. 523, 6 N. W. (2d) 708.

Defendant was requested to defend the Gaurkee action and refused to do so. The assured was fortunate enough to have other insurance and thus it was not required to assume the defense itself. The plaintiff by and under its contract with assured agreed "to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages." In paying the damages to Gaurkee it performed the terms of its contract with the assured, as the defendant had breached and violated its contract for a like liability. By the terms of its policy plaintiff was subrogated to the rights of the assured which, under the decisions, is a substitution of one person in the place of another with reference to a lawful claim or right. It is a device adopted or invented by equity to compel the ultimate discharge of a debt or obligation by one who in good conscience ought to pay it. *Leonard v. Bottomley* (1933), 210 Wis. 411, 245 N. W. 849; *Northern Assur. Co. v. Milwaukee* (1938), 227 Wis. 124, 277 N. W. 149. If assured had made settlement with Gaurkee, and was the plaintiff in this action, defendant would be liable for the amount now claimed. By payment of the entire amount, plaintiff is substituted in place of the assured with reference to a lawful claim

or right. When defendant violated the contract by refusing to defend the Gaurkee action, a settlement by plaintiff and payment of the full damages did not make plaintiff a volunteer or interloper as to the payment for which this defendant is liable. By its contract defendant assumed and agreed to pay the amount which plaintiff claims as contribution, and by its conduct defendant waived any defense which it now claims.

*By the Court.*—Judgment affirmed.