## MARYLAND CAS. CO. v. EMPLOYERS MUT. LIABILITY INS. CO. OF WISCONSIN.

Civ. A. No. 3673.

United States District Court
D. Connecticut.

Jan. 9, 1953.

As Amended on Denial of Motion
for New Trial.

Feb. 11, 1953.

Clarence A. Hadden and William L. Hadden, of Pouzzner, Hadden, Kopkind & Hadden, New Haven, Conn., for defendant.

SMITH, District Judge.

### Findings of Fact

1. Both plaintiff, a Maryland corporation, and defendant, a Wisconsin corporation, had issued liability policies insuring The Smedley Company. The plaintiff had issued an automobile liability policy with $100,000 limits for injury to or death of one person, covering The Smedley Company and anyone using Smedley's covered vehicles with Smedley's permission. The defendant had issued a comprehensive general liability policy with $50,000 limits for injury to or death of one person, covering The Smedley Company excluding, however, insured's liability with respect to automobiles while away from premises owned, rented, or controlled by the named insured or the ways immediately adjoining.

2. Each policy bound the insurer to defend any suit alleging a covered injury even though groundless, false, or fraudulent, and to pay costs of such suits.

3. Each policy provided for proration in case of other insurance, and for subrogation to insured's rights in case of payment thereunder.

4. On February 7, 1951, within the period covered by both policies, an automobile owned by The Smedley Company and operated by its employee and servant, Antonio Amendola, with the permission of The Smedley Company and in the course of his employment, was involved in an accidental occurrence at a point on Brewery Street where the driveway leading from Brewery Street to The Smedley Company premises crosses the public sidewalk in which one Marcel M. Duchene of New Haven claimed to have been injured.

5. On July 12, 1951, Duchene died and Rene Duchene was appointed administrator of his estate.

6. Rene Duchene as administrator sued The Smedley Company and Amendola in the Connecticut Superior Court, claiming $100,000 damages for personal injuries to

DeLancey Pelgrift, of Pelgrift, Blumenfeld & Nair, Hartford, Conn., for plaintiff.

and death of his decedent alleged to have been caused by their negligence in the operation of the truck.

7. Plaintiff appeared and defended for The Smedley Company and Amendola.

8. By letter dated January 16, 1952, The Smedley Company made demand on defendant to appear and defend the action under its policy but defendant refused.

9. On March 13, 1952, the action was reached for trial before Judge King and a jury, trial was commenced and continued through four trial days.

10. At that time and with the approval of the trial Judge a compromise settlement was effected in the amount of $7,500, which was paid by the plaintiff, and the cause was withdrawn.

11. $7,500 was a reasonable settlement figure for the action.

12. Plaintiff also paid the cost of defending the action, in the amount of $718.70, a reasonable amount.

13. Defendant has refused to pay any part of the settlement or cost.

14. Defendant's policy did not cover the liability of Amendola. ·

15. The payment made by the plaintiff was in settlement of the action against The Smedley Company and Amendola, both of whom were covered by the policy of the named insured, The Smedley Company.

## Conclusions of Law

1. The Court has jurisdiction of the parties and subject matter of the action.

2. Plaintiff having under its policy paid $7,500 in settlement of the Duchene claim against The Smedley Company and the cost of defending the Duchene action in the amount of $718.70, is subrogated to the rights of The Smedley Company against the defendant.

3. Defendant having breached its contract obligation to The Smedley Company to defend the Duchene claim and action, may not be subrogated under its contract to the rights of The Smedley Company against Amendola, Smedley's employee, or against plaintiff as insurer of Amendola.

4. Plaintiff is entitled to recover of defendant the sum of $2,500, representing one-third the amount paid by plaintiff in settlement of the Duchene claim, plus $359.35, representing one-half the amount paid by plaintiff as the cost of defending the Duchene action.

Judgment may be entered for the plaintiff to recover of the defendant the sum of $2,859.35 and its costs.

## Discussion

Plaintiff here seeks reimbursement of one-third the amount of the settlement and one-half the cost of defending the action, arising out of the accident and injury to Duchene.

The defendant Employers Mutual's defenses are, first, that the accident did not occur on "ways immediately adjoining" its assured's premises, and second, that the liability of the defendant's only assured, The Smedley Company, was a "vicarious" liability and the defendant's assured was only secondarily liable, while the plaintiff's assured, Amendola, was primarily liable.

The finding as to the point of the accident, based on the stipulation of facts, disposes of the first ground of defense. "A point on Brewery Street where the driveway leading from Brewery Street to The Smedley Company premises crosses the public sidewalk" must be held to be on a "way immediately adjoining" the premises.

The second ground of defense, however, poses a rather novel question. The contracts in suit do not in so many words provide for coverage or non-coverage or for contribution when the insured in one policy includes a person additional to the named insured, who is the sole insured under the second policy.

Defendant stresses the claim that if Smedley be considered as the one paying the settlement, Smedley has a right of action against Amendola for the damage to it from Amendola's negligence.

Defendant contends that if it had paid on behalf of Smedley it would be subrogated to Smedley's right to recover against Amendola and that plaintiff, as insurer of Amendola would be liable therefor to defendant.

It may be conceded that under Connecticut law an employer may recover from a negligent servant for damage suffered by the employer because of such negligence. Smith v. Foran, 1875, 43 Conn. 244.

It may be doubted whether plaintiff's coverage of Amendola is broad enough to cover his employer's claim for reimbursement for payments to which the employer became liable due to Amendola's negligence, since Amendola's responsibility to the employer would appear to be based primarily on the contract of employment. However, a principal's insurer has been held entitled to recover of an agent's insurer in a similar case. Central Surety & Ins. Corp v. London & Lancashire, 1935, 181 Wash. 353, 43 P.2d 12.

Be that as it may, plaintiff argues that subrogation being a doctrine of equitable origin, the courts will not lend their aid in enforcing it on behalf of one who, as defendant here, has itself breached the contract, under which it claims the right of subrogation to Smedley's claim against Amendola, by its refusal to defend Smedley against Duchene's demand and suit. This appears sound.

Defendant contends also that plaintiff, if it paid more than the percentage to which it was liable, was a mere volunteer as to the excess and cannot recover from the defendant. Whatever the rule may have been in the past, the present current of authority appears to allow contribution in favor of the insurer who has paid a fair settlement, against an insurer who has refused to defend, absent the complications, of additional assureds and primary and secondary liability posed in this case. U. S. Guarantee Co. v. Liberty Mutual Ins. Co., 1943, 244 Wis. 317, 12 N.W.2d 59, 150 A.L.R. 632.

Of course, the question to be decided in the end is what rights and obligations as to contribution to the payment of losses the parties to the two policies intended to, and did express in the policies.

It would appear that had defendant desired to get off Smedley's risk entirely when another insurer covered Smedley plus those using its vehicles with Smedley's permission, defendant could have made its intention clear in the policy it wrote. Since it did not do so, and since plaintiff paid in behalf of both its named insured, Smedley and Amendola, plaintiff should be entitled to contribution from defendant, at least where, as here, defendant by reason of defendant's default, is not entitled to claim through Smedley against Amendola.

On Defendant's Motion for New Trial

The Ninth Circuit cases cited by defendant, United Pacific Insurance Co. v. Ohio Casualty Insurance Co., 9 Cir., 172 F.2d 836, and U. S. Fidelity & Guaranty Co. v. Church, D.C.N.D.Cal., 107 F.Supp. 683, while perhaps distinguishable on the facts, clearly do stand for the proposition that an insurer providing extended coverage is ultimately liable as against an insurer providing coverage only to the named insured, where the named insured's liability is only vicarious, and the named insured has a right of recovery over against the person primarily liable, to whom coverage has been extended only by the extended coverage provision of the first insurer.

Under that doctrine, defendant attacks the results reached here, arguing that regardless of the existence or absence of any right of subrogation in the defendant, the plaintiff lacks any basis for a claim against defendant, since plaintiff's insured under the extended coverage, Amendola, is primarily liable for the tort, and the payment must therefore be considered to have been made on Amendola's behalf, as Smedley could have required.

This seems to assume that plaintiff's coverage of Amendola protected Amendola not only against the injured party's claim, but also against his [Amendola's] employer's claim for recovery over, which may be doubtful.

Smedley had a concurrent liability to the injured party which could have recovered from either Smedley or Amendola. Smedley had purchased from both insurers protection against its own liability in the proportion of the amounts set forth in the policies, for which it had paid premiums. It had paid premiums to one on the basis of extended coverage as well as its own coverage. Both, however, had sold coverage of

a proportion of Smedley's liability, each agreeing with Smedley on what the proportion would be if other insurance existed.

The payment extinguished Smedley's liability to the full amount. It also extinguished Amendola's liability to the injured person.

Since part of plaintiff's premium may be said to have been for the extended coverage, and since Amendola was primarily liable, it might be fair to place the entire burden on plaintiff, particularly since it settled on behalf of both Smedley and Amendola.

■ The intentions of the parties, where the two types of liability coverage—automobile and general public—overlap, however, would appear to be to divide the load in the proportions agreed upon. The named insured should not be deprived of the benefit of the protection against its own liability to the extent contracted for, because protection is awarded to another in addition under one policy unless the intent clearly appears in the policy provisions. Denial of contribution here would tend to have that effect, for whenever a question of other insurance arose where extended coverage might be involved, the second insurer could decline to defend its own insured regardless of its apparent duty under the policy provisions to do so.

If the named insured's only liability turns out to be vicarious, with a right of recovery over against the servant, the named insured is not harmed by the second insurer's failure, so long as the servant is able to respond in damages, or covered as to his liability to the master by the master's extended coverage insurance. However, the injured party is not bound to look to the servant in the first instance and often will not do so. The named insured in many cases will be unable to recoup from the servant. Coverage of insured's own liability in two companies may be more desirable to the insured than coverage in one. Both policy forms here contemplate and provide for such other coverage. Both also contemplate subrogation to any rights the insured may have to recoup from others.

■ Extended coverage in automobile policies to those using the car with permission is desirable for an insured since it largely eliminates the agency issue as a factor in drawing out litigation and postponing settlements. The liability in which the named insured is primarily interested however is its own, whether it be direct or vicarious. One who satisfies that liability, even though he at the same time satisfies that of the agent should, unless an intent to the contrary clearly appears in the second insurer's policy, be entitled to contribution from the second insurer for the expense of satisfying the named insured's liability, which otherwise the second insurer would have been required to satisfy, in the absence of payment under the first policy.

Although this result runs counter to the Ninth Circuit rule, it appears equitable and more probably what the parties had in mind when the policies were drawn.

The motion for new trial is denied.