Per Curiam.

In this action for contribution under a coinsurance clause prompt notice of the accident to defendant insurance company was of vital importance to it, since its liability could arise only if the truck was being operated with the permission of its insured, and prompt investigation of that phase was essential for its protection in view of the borderline situation here claimed of implied permission arising from a course of conduct. While the delay here may not be held fatal as a matter of law, as would be true in the case of an insured’s failure to give due notice directly to his own insurance company, the finding of adequate notice implicit in the verdict for plaintiff is against the weight of the evidence. The evidence as to the efforts made to ascertain the name of the company insuring the truck involved in the accident on the premises covered in plaintiff’s policy is quite vague and no satisfactory explanation has been given why it took so long to get this information when the owner of the truck was so close to the owner of the premises not only in their business affairs but in actual physical location. In addition, the finding of permission implicit in the verdict is also against the weight of the evidence. Reliance upon a course of conduct to establish implied permission in the absence of any protest by the owner of the vehicle is misplaced unless it is shown that the owner knew of the alleged practice involving the use of his vehicle by the owner of the premises; one cannot well protest what one does not know. The evidence in this record of the owner’s knowledge of the practice is insufficient to establish “ permission
Moreover, the charge to the jury in this rather complicated type of case failed to provide clear and specific instructions for its guidance and erred in setting forth the elements upon which a verdict might be found against defendant.
*536 The jury might have gained the impression that mere business necessity on the part of the owner of the premises to move the truck from the loading- platform was sufficient without more to establish the course of conduct constituting implied permission. Also, the charge discussed the question of notice as if only plaintiff insurance company had the duty to give it to defendant insurance company; the duty to give prompt notice rested primarily on the insured owner of the premises but also on the insured person, if he desired to protect his interests, as well as plaintiff. It may be that under these special circumstances the necessity of giving notice to defendant as the insurer of any person using the vehicle ■ with the permission of the insured in addition to the named insured might not have occurred to the owner of the premises who did give notice to his own insurance company, but a clear explanation of the scope and extent of the duty should have been given to the jury in order to enable it to cope with the complex relationship here involved.
Error was committed in failing to charge specifically that plaintiff could recover only if the jury found negligence in the operation of the vehicle and freedom from contributory negligence on the part of the injured person as well as that the amount paid in settlement by plaintiff was reasonable. Where one seeks indemnity (or contribution under a coinsurance clause) for an amount voluntarily paid without waiting for judgment, he must prove the actionable facts upon which the original liability depends as well as the reasonableness of the amount paid (Dunn v. Uvalde Asphalt Paving Co., 175 N. Y. 214).
There was no error, however, in denying the motion to dismiss the complaint based upon the exclusion clause in defendant’s policy relating to accidents occurring while the tractor was towing a trailer owned by another and ‘ ‘ not covered by like insurance in the company”. This clause attempts to exclude the very thing the statute says must be included (Vehicle and Traffic Law, § 59-a; Wheeler v. Piscina, 277 App. Div. 1014, appeal dismissed 302 N. Y. 689). Nor can such exclusion be claimed because of the circumstance that the injured person is the insured himself. The failure to exclude in the policy injuries to the named insured requires a holding that, whenever the vehicle was operated with permission, whether attached to a trailer or not, his injuries resulting from negligent operation by his permittee were covered under the terms of his own policy (Aetna Cas. & Sur. Co. v. General Cas. Co., 285 App. Div. 767).
*537 The judgment should be reversed and new trial ordered, with costs to appellant to abide the event.
Eder, Hecht and Telzer, JJ., concur.
Judgment reversed, etc.