SAINT PAUL-MERCURY INDEMNITY COMPANY, Respondent, vs. SOMERS, Appellant. [Two cases.]

*November 8—December 4, 1956.*

222

For the appellants there was a brief by *Becker, Kinnel, Doucette & Mattison* and *Carl R. Becker,* all of Milwaukee, and oral argument by *Carl R. Becker.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kurt H. Frauen* and *Don S. Harnack* of counsel, all of Milwaukee, and oral argument by *Mr. Frauen.*

FAIRCHILD, C. J.   It appears from the conclusions of law and the judgment of the trial court that the defendants sold land upon which there was an undisclosed lien of $4,114.35, plus legal interest. The controversy before us arises out of the following facts.

Matthew Somers and Elsie Somers, his wife, executed a warranty deed of the premises on which the lien existed. The deed ran to Quintin W. Muldoon and his wife, as purchasers, and Harry G. John, Sr., as mortgagee, of the property. The Wisconsin Title Service Company was employed to extend the abstract of title to the premises up to September 26, 1952. The abstract was so extended, and there was attached thereto a certificate. The abstract, however, did not note a tax lien against the property, the amount of the tax lien being owed by Matthew W. Somers. The deed did warrant the title to said premises to be free and clear of all liens and incumbrances whatsoever. The plaintiff, Saint Paul-Mercury Indemnity Company, was at the time of this transaction the liability insurer of Wisconsin Title Service Company against mistakes of this character. The Wisconsin Title Service Company overlooked the recording of the lien. Upon notification of the outstanding lien against the property, which was then owned by Mr. and Mrs. Muldoon and mortgaged to Harry G. John, Sr., the Saint Paul-Mercury Indemnity Company satisfied the outstanding lien and was given an assignment of claims by the Wisconsin Title Service

Company, an assignment of claims by the purchasers, Quintin W. Muldoon and Evelyn Muldoon, and an assignment of claims by Harry G. John, Sr.

The question before us is in relation to the plaintiff's right to be subrogated to the rights of the creditors of the Somerses (the Muldoons and those claiming under them) who assigned their claims to it. Defendant contends that neither the abstractor nor the insurance carrier is entitled to the benefit of the doctrine of subrogation.

The insurance carrier became involved in this matter because of its insuring the abstractor against liabilities such as occurred in this matter. Negotiations were pending for some time preceding the giving of the warranty deed by defendants. That occurred October 27, 1952. The lien, which is important in this matter, was the result of tax litigation which had extended for over a considerable period of time. Matthew Somers had been litigating this liability for a number of years, and it appears from the record that he was fully aware of all the consequences involved. The question raised on this appeal is to be resolved by the effectiveness of that warranty made by the Somerses, the defendants, and the right of the plaintiff to be subrogated to the rights of the Muldoons and those claiming under them. The defendants were bound to furnish an abstract of title to the premises up to September 26, 1952. The tax lien was filed by the internal revenue department of the United States treasury against Matthew W. Somers on the 17th day of June, 1952, with the register of deeds of the county of Milwaukee, in the amount of $4,012.07. The circumstances disclosed by the record show that the defendants, Somerses, were properly found to be liable for that tax lien, that it was their deed of conveyance, and that the purchasers, the Muldoons, and the mortgagee, John, then and because thereof, became creditors of the Somerses upon receipt by the Somerses of the excess payment which was made to them by reason of their failure to

disclose the tax lien and the purchasers and the mortgagee were entitled to recover from the Somerses the amount which had been paid to them (sec. 235.06 (2), Stats.). That amount included the tax lien for which neither the Muldoons nor John were responsible. Upon the assignment by the above-named creditors of their rights to the Wisconsin Title Service Company, which was bound to make good this loss, the title company became subrogated to the rights of the Muldoons and John, and upon the assignment of the title company's claim to the Insurance Company, it became subrogated to those rights.

The rights arising under the doctrine of subrogation, where facts exist as they do here, bring to the plaintiff in this case the rights of subrogation and entitle it to stand as the creditor against the principal debtor. Therefore, the plaintiff is the beneficiary of all the remedies which an original creditor had against the principal liable for the debt. *Eaton v. Lyman* (1872), 30 Wis. 41; *Home Owners' Loan Corp. v. Papara* (1942), 241 Wis. 112, 3 N. W. (2d) 730; *United States Guarantee Co. v. Liberty Mut. Ins. Co.* (1943), 244 Wis. 317, 12 N. W. (2d) 59.

We conclude, as did the trial court, that the plaintiff is entitled to the recovery granted by the judgments entered at the circuit court. The doctrine of subrogation is calculated to advance the ends of justice. The defendants now have in their possession the money they owe. To permit them to continue to have it would result in unjust enrichment. The plaintiff is entitled to an affirmance of the judgments on the basis of its rights in subrogation to the rights of the preceding creditors.

*By the Court.*—Judgments affirmed.