LIBERTY MUTUAL INSURANCE COM-
PANY, Plaintiff,

v.

STANDARD ACCIDENT INSURANCE
COMPANY, Defendant.

Civ. 119–106.

United States District Court
S. D. New York.

July 19, 1958.

John P. Smith, New York City, for plaintiff. John W. Olmstead, New York City, of counsel.

George T. Nicholson, New York City, for defendant.

DIMOCK, District Judge.

In this case one casualty insurance company sues another to recover a share of the amount that plaintiff paid in settlement of a loss as to which plaintiff claims they were co-insurers.

Plaintiff and defendant each issued a liability policy to William A. Berbusse, Jr., Inc., hereinafter Berbusse. Berbusse and Edward F. Hickey, Inc., hereinafter Hickey, were contractor and subcontractor respectively in the construction of certain buildings for Loyola School Corp., hereinafter Loyola. The premiums on defendant's policy were paid by Hickey and it insured Berbusse for liability resulting from the operations of Hickey. Both policies contained the usual "other insurance" and subrogation clauses and provided for defense of actions by the insurer. Liability under plaintiff's policy was limited to $300,000 for each person injured; liability under defendant's policy was limited to $100,-000 for each person injured.

James Ciaravino, an employee of Hickey, was injured in the course of his employment on the construction project and brought suit against Berbusse and Loyola in the New York Supreme Court. Plaintiff defended the action on behalf of Berbusse and Loyola. No claim is made that defendant was not given an opportunity to participate. Ciaravino was awarded a judgment entered September 21, 1955 for $90,000 plus costs of $213.25. A third party complaint against Hickey was dismissed. On September 23, 1955 plaintiff demanded that defendant pay its share of the judgment, asserting that the claim was within the coverage of defendant's policy. Defendant refused to pay. The judgment was affirmed by the Appellate Division on February 28, 1956 and, pending a motion for leave to appeal to the Court of Appeals, plaintiff settled the action for $85,000.

In the present action plaintiff seeks recovery of the proportionate share of the settlement which it claims defendant owes plus the proportionate share of $3,000 said to be the costs and expenses of defending the action.

Defendant's disclaimer of liability on its policy, which it reasserts here, is based upon its contention that the policy issued by it to Berbusse covered Berbusse's liability only when it arose from the imputed negligence of Hickey. There is no merit in this contention. The defendant's policy included, in Division 3 of the Definition of Hazards, "operations performed for the named insured by independent contractors" and did not limit defendant's liability to that arising from the independent contractor's negligent acts. The parties are co-insurers with respect to the risk of injuries such as that in this case.

The "other insurance" clauses in both policies provide:

"If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

The effect of these provisions is that the liability of the insurers to the insured is several rather than joint so that each is liable to the insured for its proportionate share only. Grabenstatler v. Rock Asphalt & Const. Co., 215 App.Div. 257, 213 N.Y.S. 126; American Lumbermens Mut. Cas. Co. v. Lumber Mut. Cas. Ins. Co., 251 App.Div. 231, 295 N.Y.S. 321.

The subrogation clause in plaintiff's policy provides:

"In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

I believe that plaintiff's payment of defendant's share was a payment "under this policy" within the terms of the subrogation clause despite the fact that, as it now turns out, plaintiff would not have been liable to Berbusse for that amount.

Plaintiff's policy provides that plaintiff "may make such investigation, negotiation and settlement of any claim or suit as it deems expedient". The right to settle an action includes the right to pay the settlement figure. A right to settle by paying the settling insurer's share of the payment and leaving the claimant to collect from a co-insurer who was denying liability would be no right at all. A payment made pursuant to that policy-given right is a payment "under this policy". The amount paid in settlement fixes the amount of the loss which the co-insurers must share. True the amount paid must be reasonable, cf. Royal Indem. Co. v. American Cas. Co., 5 Misc.2d 533, 159 N.Y.S.2d 45, but the

fact that the payment was less than the judgment here is prima facie proof of its reasonableness. Plaintiff, by virtue of its payment and under the terms of the subrogation clause, was subrogated to all rights which the insured would have against defendant. If the insured had made the settlement and the payment after defendant's disclaimer of coverage, defendant would have been liable to the insured for its share of the settlement payment. Defendant is similarly liable to plaintiff under the terms of the subrogation clause. This conclusion is in accord with Commercial Standard Ins. Co. v. American Emp. Ins. Co., 6 Cir., 209 F.2d 60. See also United States Guarantee Co. v. Liberty Mut. Ins. Cas., 244 Wis. 317, 12 N.W.2d 59, 150 A.L.R. 632; Detroit Auto. Inter-Ins. Exchange v. Detroit Mut. Auto Ins. Co., 337 Mich. 50, 59 N.W.2d 80.

Finally, defendant contends that, even if it is liable for its pro rata share, it is liable only for its pro rata share of one-half of the payment since, as it claims, the other half was paid on behalf of Loyola whose liability was not covered by either policy. Plaintiff contends that Loyola, as owner of the premises, had a right of recovery against Berbusse for any amount which it would have had to pay and that therefore the entire payment was made on behalf of Berbusse.

 The rights and liabilities of Berbusse and Loyola *inter sese* are unimportant in the determination of the rights and liabilities of plaintiff and defendant *inter sese*. Berbusse and Loyola were jointly and severally liable to Ciaravino for damages for bodily injuries. Each was liable for the whole judgment debt of $90,213.35. Plaintiff had agreed with Berbusse to pay all sums for which Berbusse should become legally obligated to pay as damages because of bodily injuries. Pursuant to that agreement plaintiff paid $85,000 in settlement of Ciaravino's claim. Berbusse was the party in whose behalf the payment in its entirety was made, not because Loyola could have recovered over against Berbusse * but because Berbusse was plaintiff's insured. Any right that Berbusse might have had against Loyola if Berbusse had paid or that Loyola might have had against Berbusse if Loyola had paid was immaterial in the determination of the respective rights and obligations of the two insurers of Berbusse between themselves. Once having satisfied their obligations to Berbusse they would likely become subrogated to the rights of Berbusse to contribution from its joint tort feasor; defendant has no right, however, to compel plaintiff to accept any part of the obligation of Berbusse's joint tort feasor in substitution for the obligation of plaintiff's co-insurer.

 There remains the matter of the expenses of defense of the Ciaravino claim. The defense was assumed by plaintiff as required by the terms of its policy. Defendant was equally obligated to undertake the defense. Plaintiff thus performed defendant's obligation. In doing so, it was not a volunteer since it was doing no more than performing its own agreement. Plaintiff is entitled to be compensated on a quantum meruit basis, see Commercial Standard Ins. Co. v. American Emp. Ins. Co., supra, 209 F. 2d at page 66, and seeks the modest share indicated by the relative policy limits, or one-fourth. I find that division to be equitable. The expense is estimated at $3,000 which, after examining the record in the Ciaravino case, I find to be fair and reasonable.

The total to be divided is, therefore $88,000, consisting of $85,000 paid in

---

* Evidently any such recovery would have been limited to the one-half of the amount of the judgment to which a joint tort feasor is entitled, under N.Y. Civil Practice Act, section 211a. Justice Martin M. Frank in his oral opinion of September 21, 1955. stated that under the Labor Law both Berbusse and Loyola were active tort feasors. Section 241 of the Labor Law, the basis for liability in the Supreme Court action, makes inapplicable the common law rule of indemnity between active and passive tort feasors. Rufo v. A. J. Orlando Contracting Co., 309 N.Y. 345, 130 N.E.2d 887.

settlement and $3,000 expenses. Plaintiff is awarded judgment for one-fourth of this total or $22,000. Interest is payable on that sum from the date of payment of the settlement which seems to have been May 22, 1956.

Settle judgment on notice.