**GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY**

v.

**The HOME INDEMNITY COMPANY.**

**Civ. No. C78–68G.**

United States District Court,
N. D. Georgia,
Gainesville Division.

Sept. 25, 1979.

Robert F. Oliver, Oliver & Oliver, Clarkesville, Ga., for plaintiff.

Clayton H. Farnham, and Michael H. Schroder, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for defendant.

## ORDER

O'KELLEY, District Judge.

This action for contribution, which was removed from the Superior Court of Habersham County, is before the court on defendant's motion for summary judgment. The undisputed facts before the court show that on June 2, 1977, pursuant to an application for insurance, a homeowner's policy was issued to one Bob Sparks in the amount of $75,000 by Georgia Farm Bureau Mutual Insurance Company. For the purposes of the present motion, defendant The Home Indemnity Company admits that on April 1, 1977, pursuant to a separate application for insurance, a homeowner's policy was also issued to Bob Sparks in the amount of $57,000 by The Home Indemnity Company and was in force on June 7, 1977, when the insured property was destroyed by fire. As a result of the loss claimed by Mr. Sparks, the Georgia Farm Bureau Mutual Insurance Company paid Mr. Sparks $75,000, representing the full limit of its liability for loss to the dwelling. Both The Home Indemnity Company policy and the Georgia Farm Bureau Mutual Insurance Company policy contained identical "other insurance" clauses.[1] These clauses, which are generally referred to as "pro rata" clauses, provide that the insurer will not be liable for a greater proportion of any loss than the amount of the policy would bear to the whole amount of insurance covering the property.

Under the admissions made by defendant for the purposes of this motion, the insured was covered by two policies in the aggregate sum of $132,000. For that reason, under the policy provisions each insurer would be liable for only the portion of the loss that the amount of each policy would bear to the total amount of insurance covering the property. Notwithstanding its policy provisions, plaintiff, apparently without knowledge of additional coverage, paid its insured the full amount of its policy. After discovering the possibility of additional coverage by defendant, plaintiff filed the instant action for contribution.

The question raised by the instant motion is whether an insurer, who paid a larger proportion of its coverage on a fire policy which contained a pro rata clause than it would have normally been required to, can recover by contribution from another insurer who also had a fire policy with a pro rata clause covering the same risk and the same insured. As jurisdiction in this action is premised upon diversity of citizenship, the court is required to apply the law of the state in which it sits. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58

---

1. The pro rata liability clauses contained in the respective policies state that "[i]f a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss."

S.Ct. 817, 82 L.Ed. 1188 (1938). Neither the briefs submitted by counsel nor the court's independent research reveals any authority interpreting Georgia law on the issue presented. Nevertheless, federal courts sitting in a diversity case must endeavor to select the rule and the result which a state court in the forum state would most likely adopt. *See First National Life Insurance Co. v. Fidelity & Deposit Co. of Maryland*, 525 F.2d 966, 968 (5th Cir. 1976); *Whitaker v. Harvell-Kilgore Corp.*, 418 F.2d 1010, 1017 (5th Cir. 1969). The generally accepted rule of law as to the issue presented in this action is stated in 44 Am.Jur.2d *Insurance* § 1818 (1969):

> [I]f each of several insurers contracts to pay such proportion of the loss to result from the destruction of or damage to the insured property as the amount insured by such insurer bears to the whole insurance affected on the property, none of them has any right to contribution from the others . . . for in such case the contracts are independent of each other . . . . The reason for this principle is that the insurer which pays any sum beyond its obligation acts as a mere volunteer and hence the payment cannot create a right to contribution from other insurers.

The above-stated rule of law has been uniformly approved by the commentators.[2] Although under some circumstances an insurance company who pays more than its pro rata liability may recover from another insurer whose policy covered the insured property and also contained a pro rata clause,[3] this court is familiar with no case with similar factual circumstances where contribution was allowed. As one court has stated, the pro rata "clause merely establishes a negative limitation on liability and does not set forth an affirmative right to obtain contribution from other

**2.** *See* 16 *Couch on Insurance* 2d § 62:157; 6 Appleman, *Insurance Law & Practice* § 3902. *See also* Annotation: 21 A.L.R.2d 611.

**3.** In *United States Guar. Co. v. Liberty Mut. Ins. Co.*, 244 Wis. 317, 12 N.W.2d 59 (1943), it was held that where one of the co-insurers refused to defend the action, the other insurer

companies having coverage on the damaged property." *Fasullo v. American Druggists Insurance Co.*, 262 So.2d 810, 814 (La.App. 1972). As the general rule of law as stated above is followed with virtual uniformity and there appearing to be no rule of Georgia law to the contrary, the court concludes that a Georgia court would not allow contribution as a matter of law in this action. For that reason, the court finds that even if a policy of defendant was in force at the time of the loss, plaintiff is not entitled to contribution as it paid the full amount of the loss as a volunteer. Accordingly, defendant's motion for summary judgment is hereby granted. The clerk is directed to enter judgment for defendant.

could recover under a theory of subrogation. Likewise, in *Commercial Standard Ins. Co. v. American Employers Ins. Co.*, 209 F.2d 60 (6th Cir. 1954), the insurance company which paid judgment was allowed to recover from the co-insurer who refused to defend the suit under a theory of subrogation.