Argued and submitted February 13, reversed and remanded for further proceedings July 15, reconsideration denied September 25, petition for review allowed October 27, 1987 (304 Or 279)

## FARMERS INSURANCE COMPANY OF OREGON,
*Appellant,*

*v.*

## ST. PAUL FIRE AND MARINE INSURANCE COMPANY,
*Respondent.*

(8508 05214; CA A40356)

739 P2d 605

Craig O. West, Tualatin, argued the cause and filed the briefs for appellant.

Jeffrey A. Johnson, Portland, argued the cause for respondent. With him on the brief was Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.*

JOSEPH, C. J.

* Van Hoomissen, J., *vice* Young, J.

## JOSEPH, C. J.

Plaintiff brought this action to obtain contribution for a loss paid for fire damage to a dwelling that both parties insured. The trial court granted defendant's motion for summary judgment and denied plaintiff's motion. Plaintiff appeals.

In February, 1983, Spotts sold land and a house to Brand by a land sale contract. Pursuant to the contract, Brand procured fire insurance from plaintiff on the building in the amount of $60,000. The contract also required that Spotts be made a loss payee under the policy, and that was done. Without Brand's knowledge, Spotts took out insurance with defendant on the same premises to protect his interest in the property in the event that Brand failed to maintain insurance or defaulted on the contract payments. Spotts' policy, however, does not by its terms purport to limit coverage to those situations.

The house was damaged by fire in 1985 while both insurance policies were in effect. Plaintiff paid the $29,500 loss by a check made payable jointly to Brand and Spotts.[1] Defendant has paid nothing under its policy.

Plaintiff argues that ORS 743.642,[2] the pro rata "other insurance" clauses contained in each policy and the so-called *Lamb-Weston* doctrine require *pro rata* contribution for the co-insured loss. Plaintiff's policy contains this "other insurance" clause:

"If both this and other insurance apply to the same loss, we shall pay our share. Our share will be the amount that this insurance bears to the total limit of all insurance applying to the loss, collectible or not."

Defendant's "other insurance" clause reads:

"If a loss covered by this policy is also covered by other

---

[1] The record indicates that the claim may not yet be closed and that money may still be due for damage repair. The parties agree that Spotts and Brand each had an insurable interest in the building in excess of $29,500.

[2] ORS 743.642 provides:

"A fire insurance policy shall contain a provision as follows: 'This company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not.' "

insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss."

Despite the differences in wording, ORS 743.051[3] requires that the quoted provisions in the policies be read to mean the same thing as ORS 743.642.

The trial court, in a letter opinion, determined that the threshold question in this case is whether "common insureds" existed. *See Firemen's Ins. v. Motors Ins.,* 245 Or 601, 423 P2d 754 (1967). It reasoned that Brand is neither a named insured nor an intended beneficiary under defendant's policy. It further reasoned that Spotts is a loss payee under plaintiff's policy only for the purpose of security and that when a buyer is current in his contract obligations, as here, the seller cannot require the buyer to apply the insurance proceeds to the seller's contract balance if a loss occurs. The court held that no "common insureds" existed and granted defendant's motion for summary judgment.

We need not decide whether the trial court's reasoning was correct as a matter of general, non-statutory insurance law. Under ORS 743.642 plaintiff could not be liable for any more of the loss than the proportion that the amount of fire insurance under its policy bears to the total of its policy and defendant's policy "covering the property against the peril involved." Plaintiff paid more than its due share and is entitled to contribution from defendant for its share. *See Lamb-Weston et al v. Ore. Auto. Ins. Co.,* 219 Or 110, 136, 341 P2d 110, 346 P2d 643 (1959).

---

[3] ORS 743.051 provides:

"(1) Insurance policies shall contain such standard or uniform provisions as are required by the applicable provisions of the Insurance Code. However, the insurer may at its option substitute for one or more of such provisions corresponding provisions of different wording approved by the commissioner which are in each instance not less favorable in any respect to the insured or the beneficiary.

"(2) If any standard or uniform provision is in whole or in part inapplicable to or inconsistent with the coverage provided by a particular form of policy the insurer, with the approval of the commissioner, shall omit from such policy any inapplicable provision or part of a provision, and shall modify any inconsistent provision or part of a provision in such manner as to make the provision as contained in the policy consistent with the coverage provided by the policy.

"(3) Except as provided in subsection (2) of this section, no policy shall contain any provision inconsistent with or contradictory to any standard or uniform provision used or required to be used."

Reversed and remanded with instructions to grant plaintiff's motion for summary judgment on liability and for further proceedings not inconsistent with this opinion.