Argued and submitted December 3, 1987, decision of Court of Appeals ordering circuit court to enter summary judgment for plaintiff affirmed April 29, 1988

## FARMERS INSURANCE COMPANY OF OREGON,
*Respondent on Review,*

*v.*

## ST. PAUL FIRE AND MARINE INSURANCE COMPANY,
*Petitioner on Review.*

(TC A8508-05214; CA A40356; SC S34445)

752 P2d 1212

Jeffrey A. Johnson, Cosgrave, Kester, Crowe, Gidley &

Lagesen, Portland, filed a brief and appeared on behalf of petitioner on review.

Craig O. West, Tualatin, filed a brief and appeared on behalf of respondent on review.

Before Peterson, C. J., and Lent, Linde, Campbell, Carson, and Gillette, JJ.

LINDE, J.

## LINDE, J.

Farmers Insurance Company of Oregon (Farmers) sued St. Paul Fire and Marine Insurance Company (St. Paul) for contribution to paying a fire loss covered by Farmers. The stipulated facts are that Curtis Spotts sold a house to Kent Brand on a land sale contract that required Brand to insure the property by a fire insurance policy naming Spotts as payee. Brand obtained such a policy from Farmers. The seller, Spotts, independently insured the premises with St. Paul. This policy did not and was not intended to insure the buyer, Brand, and he did not know about it. After the house suffered fire damage, Farmers paid the loss by a check for $29,500.00 payable to Brand and Spotts. Spotts received nothing under his St. Paul policy.

In Farmers' action for contribution, the circuit court granted summary judgment to St. Paul. The Court of Appeals reversed and remanded the case for entry of summary judgment for Farmers on the issue of liability and for further proceedings. *Farmers Ins. Co. v. St. Paul Fire and Marine Ins.,* 86 Or App 367, 739 P2d 605 (1987).

Both policies contained clauses prorating liability with other insurance as required by ORS 743.642. That statute provides:

> "A fire insurance policy shall contain a provision as follows: 'This company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not.' "

The circuit court concluded that the policies did not cover any common property interests, because Brand was not a named insured or an intended beneficiary of the policy Spotts had with defendant, and Brand's policy with plaintiff would not benefit Spotts as long as Brand's payments on the land sale contract were current. The Court of Appeals, to the contrary, wrote:

> "Under ORS 743.642 plaintiff could not be liable for any more of the loss than the proportion that the amount of fire insurance under its policy bears to the total of its policy and defendant's policy 'covering the property against the peril involved.' Plaintiff paid more than its due share and is entitled to contribution from defendant for its share. *See Lamb-Weston et al v. Ore. Auto. Ins. Co.,* 219 Or 110, 136, 341 P2d 110, 346 P2d 643 (1959)."

86 Or App at 370.

The first sentence is correct. From plaintiff's perspective, both policies were written to protect Spotts, and plaintiff could not be liable for more than its proportionate share of the covered loss. Once plaintiff paid the whole loss, however, defendant maintains that for purposes of contribution plaintiff stands in the shoes of its insured, Brand; and Brand has no claim under defendant's policy, which did not name and was not intended to benefit him.

■ The right to contribution between insurers does not arise from the words of the statute, which only limit the insurer's liability to its insured and say nothing about contribution. *Lamb-Weston et al v. Ore. Auto. Ins. Co.*, 219 Or 110, 341 P2d 110, 346 P2d 643 (1959), the source of later Oregon cases on contribution between insurers, was important mainly for rejecting a search for "primary" and "secondary" liability in favor of prorating liability in proportion to coverage; but the two insurance companies litigating the case concentrated on that issue and not on the premise of a consequent claim for contribution.

■ Such a claim might be based on an insurer's contractual subrogation to claims of its insured or payee for a loss that the insurer has paid, or it might be imposed by equity. The *Lamb-Weston* opinion traced the "principles of pro rata contribution" from admiralty and the settlement of marine insurance claims in merchant courts to equitable maxims in cases of joint insurers of a single risk, 219 Or at 131-35. It quoted from a contemporaneous California opinion which cited "equitable principles" for the reciprocal rights and duties of insurers who have covered the same event. *Amer. Auto. Ins. Co. v. Seaboard Surety Co.*, 155 Cal App 2d 192, 318 P2d 84 (1957).[1] Later, *Carolina Casualty v. Oregon Auto*, 242 Or 407,

---

[1] The court quoted *Seaboard Surety* as follows:

" '[Insurance companies] agreements are not with each other. See Offer v. Superior Court, 194 Cal. 114, [228 P. 11]; Fireman's etc. Co. v. Palatine Ins. Co., 150 Cal. 252, 256, [88 P. 907]. Their respective obligations flow from equitable principles designed to accomplish ultimate justice in the bearing of a specific burden. As these principles do not stem from agreement between the insurers their application is not controlled by the language of their contracts with the respective policy holders. * * * If they are concurrently liable for the same risk, it is but obvious equity that there should be contribution.' "

*Lamb-Weston et al v. Ore. Auto. Ins. Co.*, 219 Or 110, 124-25, 341 P2d 110, 346 P2d 643 (1959), quoting *Amer. Auto. Ins. Co. v. Seaboard Surety, Co.*, 155 Cal App 2d at 195-96, 318 P2d at 86-87, which in turn quoted a Minnesota case, *Commercial Casualty Ins. Co. v. Hartford Acc. & Ind. Co.*, 190 Minn 528, 530, 252 NW 434 (1934).

408 P2d 198 (1965), cited *Lamb-Weston* for the proposition that an "insurer's rights against its co-insurer for contribution arises out of the equitable doctrine which holds that one who pays money for the benefit of another is entitled to be reimbursed," adding that "[s]uch rights do not arise by way of subrogation." *Id.* at 417, 408 P2d at 203.

Defendant, of course, denies that it was a "co-insurer" with plaintiff, because it had no dealings with plaintiff's insured, Brand, and Brand would have no claim against it.[2] But we conclude that defendant's theory does not apply here. It is true that Spotts was not defined as an "insured" under plaintiff's policy, but he was a "loss payee" independently protected by the "mortgage clause" of the policy. A "lender's loss payable endorsement" attached to the policy defined the payee as "the Lender" and provided:

> "If there be any other insurance upon the within described property, this Company shall be liable under this policy as to the Lender for the proportion of such loss or damage that the sum hereby insured bears to the entire insurance of similar character on said property under policies held by, payable to and expressly consented to by the Lender. * * * The Lender upon the payment to it of the full amount of its claim, will subrogate this Company (pro rata with all other insurers contributing to said payment) to all of the Lender's rights of contribution under said other insurance."

Under this subrogation clause, plaintiff stood in Spotts' shoes, not Brand's, and it is immaterial that Brand would have no claim on any insurance proceeds paid to Spotts under defendant's policy. Both policies were designed to secure Spotts' interest in the same property. Defendant cannot avoid contributing its share on grounds that the policies did not insure a common interest.

---

[2] Defendant cites many authorities for the proposition that there must be a common insured interest: *Newark Fire Ins. Co. v. Turk,* 6 F2d 533 (3d Cir 1925); *Georgia Farm Bur., etc. Mutual Ins. Co. v. Home Indem. Co.,* 478 F Supp 331 (N D Ga 1979); *M.F.A. Mutual Insurance Co. v. Gulf Insurance Co.,* 445 SW2d 829 (Mo 1969), to name a few. Defendant also cites several Oregon cases as holding that to be entitled to contribution, a person must be either a named insured or an intended beneficiary of the insurance contract. In view of our reliance upon the subrogation clause, we need not state in detail the distinctions between this case and the cited cases, which included *Morris v. Morris, Oregon Mutual Ins.,* 274 Or 127, 544 P2d 1034 (1976) (remainderman may not share in life tenant's policy proceeds); *Trans. Equip. Rentals v. Ore. Auto. Ins.,* 257 Or 288, 478 P2d 620 (1970) (owner may not benefit from lessees' policy).

The decision of the Court of Appeals ordering the circuit court to enter summary judgment for plaintiff is affirmed.