Argued January 25; affirmed February 7, 1933

IN RE HALE'S ESTATE

HALE *v.* COOKE ET AL.

(18 P. (2d) 808)

*J. O. Stearns,* of Portland, for appellant.

*Otto J. Kraemer,* of Portland (Chamberlain, Thomas, Kraemer & Powell, of Portland, on the brief) for respondent J. W. Cooke.

*Rogers McVeagh,* of Portland, for respondent Good Samaritan Hospital.

*Roscoe P. Hurst,* of Portland, for Louise Home and Juvenile Hospital, and other respondents.

CAMPBELL, J. J. R. Hale died testate in Multnomah county, Oregon, leaving as his sole heir at law, his widow, Fanny Imogene Hale, appellant. His will was admitted to probate March 5, 1930. Among other properties belonging to the estate of said decedent, and concerning which the controversy herein is involved, are the following:

First, a tract of land consisting of 3.93 acres outside the limits of any city or town, upon which testator had his dwelling and made his home. Upon petition of the widow, the probate court set this property aside as her homestead. Oregon Code 1930, § 3-205. This homestead was appraised by the appraisers of the estate at $7,400. The dwelling house was located on a tract of 1.26 acres of land which was a part of the 3.93 acres and on this part there was a mortgage of $6,000, which mortgage was executed by the testator and his wife and was against the premises at the time of the testator's death. This claim was presented to the executor and duly allowed during the course of administration, but has not yet been paid and is a valid subsisting lien against said homestead property.

The second tract, known as Edenholm Apartments, appraised at $22,500 was, at decedent's death, and still is, encumbered by a mortgage in the sum of $13,000,

for which no claim has been as yet presented to the executor. This mortgage was also executed by the testator and Fannie Imogene Hale, his wife.

The third tract consists of 84.56 acres in Yamhill county, appraised at $13,250 and against which there are three separate mortgages, aggregating $4,000. These mortgages on the Yamhill farm were not executed by the testator or his wife, but were against the premises at the time of the purchase thereof by the testator. The record does not disclose whether they were assumed by testator.

The will of the testator, after bequests to various persons under the first eleven paragraphs thereof, provides, under the twelfth paragraph, as follows:

"To my wife, Fannie Imogene Hale, I give and devise all the rights and interest in my real property that she would have been entitled to under the law, if I had had children and had died intestate. I understand that her dower rights in that event would have been the use of one-half of each and every piece of my real estate during her life time, and it is expressly provided that all other provisions of this Will are made subject to, and shall in no case interfere with her said life interest in the property.

"I also give and bequeath to my said wife, * * *. Also, providing she lives there, the full use of my home, being 1.26 acres at Rockspur Station during her lifetime. These provisions are intended to be and I hereby declare the same to be in lieu of dower".

The thirteenth paragraph of said will is as follows:

"To my executor hereinbefore named I give, devise and bequeath all the rest and residue of my property, real, personal and mixed, wheresoever and whatsoever, in trust, however, for the sole use, benefit and purposes hereinafter named, that is to say: It is my will that said trustee have full power to manage and control said trust property, with full power to sell the same, or any part thereof, which to my said trustee shall seem fit,

whether at public or private sale, without control of any court, upon such terms as to him may seem proper, and without any limit whatsoever, except, of course, that he acts for the use and benefit of my estate; provided, that the trustee shall not sell, during the life time of my wife, the real property in which my wife has a life interest, * * *. It is my desire that he dispose of all my said property except said real property affected by my wife's life interest * * * as soon after my demise as he can realize what to him seems a fair price therefor, and I direct that any money so realized, together with that realized from interest on notes or stock dividends and that realized from rentals, over and above the share of same due my wife, shall be used for the payment of funeral expenses, expenses of administration, just claims against my estate, including payments on principal and interest on any mortgages then existing against my property, as the same fall due, taxes, insurance, etc. * * * Any surplus remaining after payment of my mortgages is to be placed in government bonds or savings accounts by my executor until the termination of his trust and final distribution of my estate''.

Paragraph 14, of the will, devised, ''subject to the provisions hereinafter set forth'', certain real property to certain charitable institutions in Portland, Oregon, ''subject, of course, to my wife's life interest and to any mortgages remaining thereon''.

Paragraph 15 devised the property in Yamhill county, ''subject to the provisions hereinafter set forth'', to the Good Samaritan Hospital of Portland, Oregon, ''subject to any mortgages that may remain thereon and to my wife's life interest''.

The widow, Fannie Imogene Hale, duly accepted the provisions in the will in lieu of dower. Shortly after the will was probated, a contention arose between the widow and the executor of the will, as to the proper construction of certain provisions of the will and as

to the rights of the widow thereunder. They were unable to agree and the widow brought this suit for the purpose of obtaining a declaratory judgment construing the will, her contention being:

First, that under the will she is entitled to one-half of the gross income from all of the real property belonging to the estate, from the date of death of the decedent for and during the term of her natural life.

Second, that the mortgage of $6,000 against the homestead is entitled to priority of payment as against all other mortgage indebtedness and over and above all general bequests contained in said will.

Third, that it was the intent of the testator, in his bequests to the charitable institutions in Portland, that the real estate so devised should be taken subject to the mortgages then existing at the time of testator's death.

The executor filed an answer to appellant's petition, his contention being, that under the provisions of said will, the appellant is entitled "to one-half of the receipts and income of said property after deducting the usual charges and expenses in connection with such property that is customary for life tenants to bear". He further contends that the mortgages on the different parcels of real property devised to the different charitable institutions in Portland are to be paid out of the trust estate created by the will.

The probate court entered a decree, in so far as it is material to this cause, decreeing, in effect, that under the will the appellant was entitled to one-half of the net income from the real property belonging to said estate, from and after the date of the death of decedent; that said J. W. Cooke, as executor of the last will and testament, during the administration and thereafter as trustee, after first paying,

28

"from the proceeds and property bequeathed and devised unto him in trust, of the funeral charges, the costs and expenses of administration, just claims against said estate, taxes, insurance, etc., and interest on all mortgages existing against the property of said decedent at the date of death, to make payments upon the principal amounts thereof inclusive of the mortgage then existing against the said premises heretofore set apart to the widow as a homestead in such proportions as the principal of each of such mortgages existing and unpaid at the date of said decedent's death, shall bear to the total thereof".

Appellant, being dissatisfied with the foregoing construction of the will, so far as it affects her interest, has appealed to this court.

We agree with counsel for appellant that "The first great rule in the construction of wills to which all other rules must bend is that the intention of the testator expressed in the will shall prevail, provided it be consistent with rules of law". *Colton v. Colton*, 127 U. S. 309 (8 S. Ct. 1164, 32 L. Ed. 138). That each provision must be construed so that the whole instrument be given the effect intended by the testator. 28 R. C. L. 207. In construing an instrument, words of common use must be given their ordinary natural meaning. Oregon Code 1930, § 9-214.

It will be observed that the appellant's interest in the real estate, owned by the testator at the time of his death, is to be measured by what her dower "would have been", if testator "had had children and had died intestate". The testator evidently had a correct understanding of the law (Oregon Code 1930, § 10-301) relating thereto as he said in his will, "I understand that her dower rights in that event would have been the use of one-half of each and every piece of real estate during her lifetime". All other provisions of his will were

made subject to this right of appellant. If the appellant were a tenant in common, there would be no contention that she would not be liable for the ordinary expenses such as taxes, insurance and upkeep; she occupied the same relative position to the real estate devised to her during her lifetime by virtue of her dower interest in the real estate owned by testator at the time of his death, at least to the extent of the income derived therefrom.

The executor raises no objection to the extent of the homestead, so we are not passing on that question.

The testator provided a fund to take care of all capital investments and for the payment of other just claims against his estate. He made no distinction between any of the mortgages. His directions to the executor and trustee were that:

"Any money so realized together with that realized from interest on notes, or stock dividends and that realized from rentals over and above the share of same due my wife, shall be used for the payment of funeral expenses, expenses of administration, just claims against my estate, including payments on interest and principal of any mortgages that are existing against my property as the same fall due, taxes, insurance, etc".

These items were all to be paid out of the trust estate bequeathed to the executor and trustee. The mortgage on the so-called homestead surely was one of the "any mortgages existing against my property".

There is no language in the will indicating any intention on the part of the testator to devise or bequeath to the widow any interest in the real estate, except the right to live on the homestead, other than her dower rights, and these must be measured by the law relating to dower.

In the absence of evidence to the contrary, we must assume that all the mortgages are due and in the absence of any other equitable reasons, the amount received by the executor or trustee from the sources named in the will, over and above the widow's share, should be applied pro rata to the mortgages existing at the time of testator's death.

There are some other matters suggested in the briefs, but are not raised in the pleadings and are not necessary to be passed upon.

Finding no error, the decree of the circuit court will be affirmed.

It is so ordered.

RAND, C. J., BEAN and BAILEY, JJ., concur.