MELVIN GORDON BARNER, ETC. *v.* M. I. BARNER ET AL

5-4027                                    407 S. W. 2d 747

Opinion delivered November 7, 1966

*Streett & Plunkett,* for appellant.

*L. Weems Trussell,* for appellee.

## INTRODUCTORY FACTS:

OSRO COBB, Justice. This appeal involves a dispute between claimants to the proceeds of insurance benefits which became due following a total loss of a family residence by fire.

In February, 1960, appellee and his wife at that time, Mary Barner, executed their separate warranty deeds conveying a certain parcel of land with the family residence thereon to their son, Melvin Gordon Barner, then approximately four years of age. The record in this case does not indicate that there was any insurance on the residence at the time of the deeds, nor did the deeds contain any language purporting to assume any obligation with reference to the carrying of any insurance on the property. Furthermore, the deed of appellee expressly reserved a life tenancy, use and control of the property.

It appears from this record that appellee and Mary Barner were subsequently divorced, with the mother taking custody of their young son. Appellee remarried and continued to reside in the same residence.

On February 19, 1964 appellee purchased an insurance policy providing three years coverage as to fire damages to the residence in the principal sum of $8,-000.00. On April 3, 1965 the residence was totally destroyed by fire.

Appellee made seasonable demand upon the insurance company to settle the claim. The insurance company, while conceding its policy obligation to pay the loss, declined to make settlement with appellee for the stated reason that there was uncertainty as to the legal claimant or claimants to the funds. Thereafter, appellee brought suit against the insurance company. The insurance company, instead of paying the funds represented by the loss into the registry of the court, filed an answer and cross-complaint making Melvin Gordon Barner a

third party defendant, upon the allegation that he was a necessary party to the action. Subsequently, Mary Barner filed an intervention in her capacity as natural guardian and next friend on behalf of Melvin Gordon Barner, contending that intervenor was a necessary party and that the court should determine the respective value of the life estate interest of appellee in the funds due from the insurance company, and that the court should enter judgment directing legal and equitable pro rata payment of said funds between appellee and the intervenor. The intervention alleged an equitable lien on the funds and the intervenor asked the court to transfer the action to equity.

Appellee moved to strike all of the pleadings relating to the assertion of any claim to the proceeds of the insurance loss by Melvin Gordon Barner. Following hearing, the court sustained appellee's motion to strike and entered judgment solely for appellee in the sum of $8,000.00, plus statutory penalties and attorney's fee. The insurance company did not prosecute an appeal from the judgment of the trial court.

The case therefore reaches us for appellate review solely upon the contention that Melvin Gordon Barner had a legal right to some part or all of the insurance funds paid as a result of the fire.

Appellant insists that his interest in the proceeds of the insurance policy is established by the fact that appellee, M. I. Barner, as life tenant of the insured property, held the position of a fiduciary to appellant, as the remainderman of the property. On virtually identical fact situations we have held to the contrary. In *Jackson* v. *Jackson*, 211 Ark. 547, 201 S. W. 2d 218 (1947), we quoted with approval from *Harrison* v. *Pepper*, 166 Mass. 288, 44 N. E. 222, as follows:

"It is plain that the plaintiff is not entitled to recover unless she has some claim upon the funds in the hands of the defendant. In the absence of any-

thing that requires it in the instrument creating the estate, or of any agreement to that effect on the part of the life tenant, we think that the life tenant is not bound to keep the premises insured for the benefit of the remainderman. Each can insure his own interest, but, in the absence of any stipulation or agreement, neither has any claim upon the proceeds of the other's policy, any more than in the case of mortgagor and mortgagee, or lessor and lessee, or vendor and vendee. . . . The contract of insurance is a personal contract, and inures to the benefit of the party with whom it is made, and by whom the premiums are paid.''

In the Jackson case, we also quoted with approval 33 Am. Jur., Life Estates, Remainders, etc., § 332 p. 838, as follows:

''It is clearly the general rule that where a legal life tenant insures the property in his own name and for his own benefit and pays the premiums from his own funds, he is, at least in the absence of a fiduciary relationship between him and the remainderman existing apart from the nature and incidents of the tenancy itself, or of an agreement between him and the remainderman as to which of them shall procure and maintain insurance, entitled to the proceeds of the insurance upon a loss; and the fact that the insurance was for the whole value of the fee is not generally regarded as affecting the right of the life tenant to the whole amount of the proceeds.''

We have consistently followed the rule announced in the *Jackson* case. See *Coleman* v. *Gardner*, 231 Ark. 521, 330 S. W. 2d 954 (1960), and *Brown* v. *Brown*, 233 Ark. 422, 345 S. W. 2d 27 (1961).

In the instant case, appellant did not show or plead that there was any agreement or stipulation that would produce a fiduciary relationship. Furthermore, when

the mother took custody of Melvin Gordon Barner she became the sole natural guardian of his person and estate. Ark. Stat. Ann. § 57-646 (1965 Supp).

We therefore have concluded that the trial court properly determined that appellant had no interest in the proceeds of the insurance policy and properly granted appellee's motion to strike the intervenor's claim thereto.

Affirmed.