THE HOME INSURANCE COMPANY *v.* ADLER,
Ex'r of the Estate of Gertrude Becker

[No. 334, September Term, 1972.]

*Decided October 10, 1973.*

716

The cause was argued on June 5, 1973, before MURPHY, C. J., and McWILLIAMS, SINGLEY, SMITH, DIGGES and LEVINE, JJ., and reargued on September 11, 1973, before MURPHY, C. J., and McWILLIAMS, SINGLEY, SMITH, DIGGES and LEVINE, JJ., and CHARLES E. ORTH, JR., Chief Judge of the Court of Special Appeals, specially assigned.

*George M. Radcliffe* for appellant.

*Thomas E. Webb*, with whom was *Ellis H. Goodman* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

On August 14, 1966, a fire partially destroyed the house located at 3010 Manhattan Avenue in Baltimore City. The property was insured against direct loss by fire for $17,500 under a Homeowner's policy issued by the appellant, Home Insurance Company (the insurer), to Gertrude Becker (Becker), the sole insured named in the policy. Becker died in the fire, approximately nineteen minutes after it had begun. The insurer paid Abraham Adler (Adler), Becker's Executor and the appellee herein, for personal property lost in the fire; it refused, however, to pay Adler's claim for fire damage to the house, maintaining that Becker had only a life estate therein, that her insurable interest terminated by operation of law at the moment of her death, and that

consequently neither Becker nor Adler suffered any pecuniary loss from the damage to the building caused by the fire. Adler sued the insurer, claiming $7,691.06 as the amount of Becker's loss caused by fire damage to the building; he maintained that Becker survived the fire and damage to the property (by nineteen minutes) and thus did sustain loss as a result of the fire. From a judgment of the Superior Court of Baltimore City (Carter, J.) in favor of Adler, the insurer appealed.

The facts are not in dispute. The property was conveyed sometime prior to January 2, 1963 to Lillian Clark for life, remainder to Becker; on January 2, 1963, Clark died, thereby vesting title to the property in fee in Becker. Subsequently, on December 18, 1963, Becker caused the property to be conveyed to herself, as life tenant, with full life powers,[1] remainder in fee simple to Alfred Lee Scheinberg and Diana Sue Scheinberg (the remaindermen). Thereafter, Becker insured the property with the insurer against direct loss by fire for a three year period beginning October 6, 1964. By the terms of the policy, the insurer:

> ". . . insure[d] the Insured named in the declarations above [Gertrude Becker] and legal representatives, to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss . . . nor in any event for more than the interest of the insured, against all Direct Loss by Fire. . . ."

---

1. The deed provided in pertinent part:

". . . to the proper use and benefit of the said Gertrude Becker, for and during the term of her natural life, with full powers in the said Gertrude Becker, to sell, grant, lease, convey, mortgage, transfer, assign and otherwise dispose of the property hereinabove described, except by her Last Will and Testament, and from and after the death of the said Gertrude Becker, without having exercised the powers of disposition, then unto the use and benefit of the said Alfred Lee Scheinberg and Diana Sue Scheinberg, as joint tenants, absolutely in fee simple."

Neither the Executor nor the remaindermen made any repairs to the house after the fire. No demand was made upon the Executor by the remaindermen to repair the property and he was under no legal obligation to do so. The property was eventually sold on an "as is basis" for $8,825. The remaindermen were not made parties to the present litigation.

The lower court held, on authority of *Rogge v. Menard County Mutual Fire Insurance Co.*, 184 F. Supp. 289 (S.D. Ill. 1960), that since Becker died after, and not before, the fire began, the insurer was liable under the policy. The court found that the insurer was not aware of Becker's limited interest in the property prior to the fire; that since all premiums paid by Becker were based on the value of the property being insured, and not on the value of her interest in the property, Adler, as Becker's Executor, was entitled to reimbursement in the full amount of the loss under the insurance contract. The court concluded:

"Admittedly, a contract of insurance is a personal contract and recovery is based on the actual loss to the insured. Miss Becker was alive after the fire and her actual loss at that time was the damage to both real and personal property caused by the fire, no matter how long she lived thereafter. 'A life tenant has an insurable interest in property to the full value thereof.' 44 C.J.S. *Insurance*, Sec. 190, p. 891. Under the facts of this case, the limitation in the insurance policy to coverage of only insured's interest, is only applicable if Miss Becker had died prior to the fire, as there would no longer be an interest to be insured."

Relying upon *Glens Falls Insurance Co. v. Sterling*, 219 Md. 217, 148 A. 2d 453 (1959), the insurer contends on appeal that a fire insurance policy is a contract of personal indemnity requiring proof of actual pecuniary loss as a prerequisite to the right to recover the policy proceeds. The insurer agrees that $7,691.06 fire damage was done to the

property, but maintains that the loss fell upon the remaindermen who are not parties to the suit. The insurer concedes that the fact that Becker lived for approximately nineteen minutes after the fire began "would technically give her and her Personal Representative, Abraham L. Adler, a possible right to recover *provided* the Appellee could show or prove that Gertrude Becker, or her estate, had suffered a *pecuniary loss,*" but maintains that the pecuniary loss, if any, is *de minimis.*

Appellee contends that liability under the policy attached the moment the fire started, citing *Rogge v. Menard County Mutual Fire Insurance Co., supra* and *Western Coal and Dock Co. v. Traders Insurance Co.,* 122 Ill. App. 138, 140 (1905); consequently, he maintains that Becker did sustain a loss in her lifetime constituting a debt now payable to her estate by the insurer. He urges that the recovery cannot be limited to Becker's life interest as: (1) the premiums were paid on the fee value of the property; (2) but for Becker's death during the fire, the insurer would not so limit the recovery; and (3) events subsequent to the attaching of liability should not be considered.

In *Glens Falls Insurance Co. v. Sterling, supra,* the question before us was whether there could be a recovery under a fire and windstorm insurance policy when the insured property owner of a building under construction failed to offer any proof that he had sustained an actual pecuniary loss from the damage to the insured property. There was evidence in the case showing that damage had been done to the property of over $5,000, but that the loss was borne by the contractor under his construction contract with the insured. It was against this background that we referred with approval to the holding in *Edlin v. Security Insurance Co.,* 160 F. Supp. 487 (S.D. Ill. 1957) that "a fire insurance contract is one of indemnity against such loss as the *insured* may sustain by reason of the damage to the property (not the amount of damage to the *property*) and where no financial or pecuniary loss has been sustained by virtue of the damage to the property, there can be no recovery under such an insurance policy" 219 Md. at 221, 148

A. 2d at 456. We said, 219 Md. at 222, 148 A. 2d at 456, "that fire insurance . . . is a contract of personal indemnity, not one from which a profit is to be realized," and that the right to recover must be commensurate with the loss actually sustained by the insured. We concluded that the insured had failed to prove an actual pecuniary loss and was not entitled to payment under the policy.

Since a fire insurance policy is a contract of indemnity, it may be that the insured may recover only to the extent of his interest in the property. See 6 Appleman, *Insurance Law and Practice* § 3867 (1972); 51 Am. Jur. 2d, *Life Tenants and Remaindermen* § 158. It is, however, the rule in many jurisdictions, including Maryland, that a life tenant who insures the property in his own name in the whole value of the fee is not precluded from recovering the full amount of the policy proceeds. *See, Forbes v. American International Insurance Co.*, 260 Md. 181, 271 A. 2d 684 (1970).[2]

The *Rogge* case, *supra*, upon which the lower court based its decision awarding the insurance proceeds to the appellee, is factually similar to the instant case. There, one Stout owned a life estate, the remainder in fee simple being vested in Rogge. The defendant insurer issued a fire policy to Stout, the house was destroyed by fire, smoke and explosion, and Stout died during the fire. In the course of denying a motion to dismiss, the court held, 184 F. Supp. at 293-94:

"This allegation in plain language says that the fire started before Andrew J. Stout was injured; that thereafter Andrew J. Stout was injured in some way by the fire after it started, and as a result of the injuries, died. If this allegation be true and the court must take it on its face, the liability under the

2. During the oral argument before us, counsel for the insurer stated that the premium rate on its "interest policy" is calculated on the building and the risk irrespective of the interest of the insured (*i.e.*, that the same premium is paid by an insured with a fee interest as by an insured with a life interest), and that if Becker had survived the fire and suffered a loss, she would have been paid the full damage within the policy limit rather than the actuarial equivalent of the damage to her life interest.

policy attached the very second that the fire started at a time when Andrew J. Stout was alive.

\* \* \*

Thus the liability attached in favor of Andrew J. Stout in his lifetime. Thus the cause of action . . . [citing the Probate Act of Illinois] survived in favor of the executor of his estate and is not in plaintiff [the remainderman] and the proceeds of the policy must be paid to the executor."

We think the lower court was manifestly correct in concluding, on authority of the *Rogge* case, that the insurer's liability attached under its policy with Becker the moment the fire started. Becker insured the property in the full amount of its value against loss by fire during her lifetime, and when that contingent event occurred prior to her death, resulting in $7,691.06 in damage to the insured property, that loss necessarily accrued in Becker's favor prior to her demise, without regard to the length of time she lived after the fire began. Compare *Pruitt v. Hardware Dealers Mutual Fire Ins. Co.*, 112 F. 2d 140 (5th Cir. 1940) and *Pfeiffer v. General Insurance Corp.*, 185 F. Supp. 605 (N.D. Calif., S.C. 1960). The maxim *de minimis non curat lex* ("[T]he law does not care for, or take notice of, very small or trifling matters," *Black's Law Dictionary*, Revised Fourth Edition) is, in view of our conclusion, plainly without application in the circumstances of this case as a defense to payment of the policy proceeds to Becker's Executor.

*Judgment affirmed; costs to be paid by the appellant.*