Argued October 27, 1975, reversed January 29, 1976

MORRIS, *Respondent, Cross-Appellant,*
*v.*
MORRIS, *Appellant,* and OREGON MUTUAL
INSURANCE COMPANY, *Cross-Respondent.*
544 P2d 1034

*John R. Barker,* Portland, argued the cause for appellant. J. Terrence Bittner, Jones, Lang, Klein, Wolf & Smith, Portland, were on the briefs.

*Milo W. Pope,* Milton-Freewater, argued the cause for cross-respondent. With him on the brief was Charles A. Phipps, The Dalles.

*James M. Habberstad,* The Dalles, argued the cause for respondent, cross-appellant. With him on the brief were Dick & Dick, The Dalles.

Before O'Connell, Chief Justice, and McAllister, Denecke, Tongue, Howell, and Bryson, Justices.

McALLISTER, J.

## McALLISTER, J.

This is an action for a declaratory judgment to determine the right to fire insurance proceeds as between the life tenant Alta F. Morris and the remainderman A. L. Morris.

The facts were stipulated. The defendant, Alta F. Morris, is the life tenant of a farm in Wasco County. Her son, A. L. Morris, the plaintiff, is the remainderman. The defendant, Alta F. Morris, purchased fire insurance from Oregon Mutual Insurance Company insuring a farmhouse on the farm for $15,000, the full value thereof. All premiums on the policy were paid by Alta F. Morris and she is the only insured named in the policy. On March 10, 1973 the farmhouse was totally destroyed by fire. The fire was not caused by or contributed to by the negligence of defendant.

On April 27, 1973 before Oregon Mutual had paid the proceeds of the policy, plaintiff informed Oregon Mutual of his interest in the property. Defendant Alta F. Morris received all the proceeds of the policy and has not used the proceeds to reconstruct the farmhouse or to restore the property to its former condition, nor has she offered to reimburse the plaintiff for the loss resulting from the loss of the farmhouse.

The trial court found in favor of plaintiff against defendant Alta F. Morris, but found for Oregon Mutual. Both the plaintiff and defendant Alta F. Morris have appealed.

Plaintiff contends, and defendant denies, that a portion of the fire insurance proceeds, which Alta F. Morris received, belongs to plaintiff as remainderman. The only issue is whether plaintiff is entitled to any portion of the insurance proceeds.

It is the general rule that a life tenant is entitled to all the proceeds for a loss if the life tenant has procured the insurance policy in his own name and for his own benefit and has paid the premium from his own

funds. The general rule is not changed by the fact that the insurance is for the full value of the property rather than only for the value of the life tenant's interest in the property. Annotation, Life Tenant—Insurance—Remainderman, 126 ALR 336, 345 et seq; 51 Am Jur 2d 416, Life Tenants and Remaindermen, § 158; Restatement of Property, § 123(2).

In the Annotation in 126 ALR the annotator, at page 345, states the rule thus:

"It is clearly the general rule that where a life tenant insures the property in his own name and for his own benefit and pays the premiums from his own funds, he is, at least in the absence of a fiduciary relationship between him and the remainderman existing apart from the nature and incidents of the tenancy itself, or of an agreement between him and the remainderman as to which of them shall procure and maintain insurance, entitled to the proceeds of the insurance upon a loss; and the fact that the insurance was for the whole value of the fee is not generally regarded as affecting the right of the life tenant to the whole amount of the proceeds, although a contrary view has occasionally been taken."

*Converse v. Boston Safe Deposit & Trust Co.,* 315 Mass 544, 53 NE2d 841, 843 (1944), is typical of the cases holding in accord with the general rule. We quote from that case:

"Where, as here, there is nothing to show that Mrs. Converse was required by the terms of her mother's will creating her life estate or by any agreement with the plaintiff to obtain fire insurance in his behalf, she was not bound to obtain such insurance either for her own benefit or for that of the plaintiff. A life tenant or a remainderman may obtain insurance upon his own interest and for himself alone. A remainderman has no claim upon the proceeds of fire insurance received by a life tenant from insurance obtained by a life tenant who was under no obligation to him to carry insurance, where the policies were obtained by the life tenant in his own name, at his own expense and for his sole benefit. A remainderman has no interest in contracts of insurance in which he was not a party and which were not obtained for his protection. The fact that the property was insured

by the life tenant for its full value is not enough to show that he intended to cover the interest of the remainderman. If a life tenant, who has insured for his own benefit, receives from the insurers more than the value of the life tenancy, that is a matter between the parties to the contracts of insurance and creates no claim in favor of the remainderman in the excess paid over the value of the life tenancy in the property. The underlying principle is that fire insurance policies are personal contracts providing for the payment of indemnity to the insured in case of loss, and the amount received does not stand for nor represent the property damaged or destroyed although the measure of indemnity depends upon the determination of the value of the interest of the insured in the property covered by the policies. In a word, the money received by a life tenant from his own contracts of insurance belongs to him, and he cannot be compelled to hold the money as though it were substituted for the property or as though it were the proceeds of the property.* * *"

Accord: *Home Insurance Company v. Adler,* 269 Md 715, 309 A2d 751 (1973); *Barner v. Barner,* 241 Ark 370, 407 SW2d 747 (1966); *Russell v. Williams,* 24 Cal Rptr 859, 374 P2d 827 (1962); *Coleman v. Gardner,* 231 Ark 521, 330 SW2d 954 (1960); *In re Gorman's Estate,* 321 Pa 292, 184 A 86, 87 (1936), Comment, 35 Mich L Rev 150.

Plaintiff has cited three cases from other jurisdictions, but, upon examination, we find those cases are inapposite and do not support his position.

Although there are no Oregon cases directly on point, our decisions in analogous situations are in accord with the general rule. In *Miller v. Gold Beach Packing Co.,* 131 Or 302, 282 P 764, 66 ALR 858 (1929), the tenant of a building secured a fire insurance policy covering the building. The building was destroyed by fire and the tenant declined to use the insurance proceeds to rebuild. The lessors brought an action to recover the value of their interest in the estate as remaindermen. This court said:

"* * * The courts, which have reached the conclusion

that the remainderman is entitled to no interest in insurance money obtained by a tenant upon a policy of insurance procured by him without any agreement between the two that he should obtain protection for both premise their holdings upon the following grounds: (1) the tenant as well as the remainderman has an insurable interest; (2) the tenant is under no obligation to insure the property for the benefit of the remainderman; (3) the contract of insurance, which either obtains, is personal to him, and the other has no interest in it; (4) if the tenant obtains from the insurance company more than the value of his estate, the remainderman does not thereby become entitled to the surplus, because the contract of insurance does not undertake to indemnify him; (5) the tenant is neither required to rebuild nor to provide a fund to take the place of the building upon its destruction; (6) the proceeds of the fire insurance contract are not proceeds of the destroyed building; they come to the tenant from a third party as the result of a contract for indemnity; (7) the insurable estates of the tenant and the remainderman are separate and distinct; they are not united or merged under the contract of insurance and hence the latter affords the remainderman no basis for any relief; (8) the amount of the insurance policy obtained by the tenant, and the amount ultimately collected is for the determination of the tenant and the insurer, and it does not affect the remainderman; (9) if a tenant in obtaining a policy of insurance or in obtaining a settlement places an excessive value upon his interest in the property his act does not constitute him the agent of the remainderman so that the latter becomes entitled to any part of the insurance money." 131 Or at 308-309.

The court concluded that the contract for insurance was personal, the tenant was not the lessors' agent or trustee, and there was no rule of law which authorized giving any surplus beyond the tenant's fair compensation to the lessors. "They were strangers to the contract of insurance, and must now be content to remain strangers to its fruits." 131 Or at 313. Accord: *Trans. Equip. Rentals v. Ore. Auto. Ins.,* 257 Or 288, 298-299, 478 P2d 620 (1970); *Yoshida v. Security Ins. Co.,* 145 Or 325, 336-337, 26 P2d 1082 (1933).

Plaintiff has cited *Hale v. Cooke,* 142 Or 23, 18 P2d 808 (1933), but the facts and issues in that case are not similar to the case at bar and the case is not in point here.

The judgment of the trial court is reversed with instructions to enter judgment for defendant Alta F. Morris. This disposition of the main issue makes it unnecessary to consider plaintiff's cross-appeal.