417 F.Supp. 97 (1976)
Flora TODD, Guardian of the Estate of the following minors, Elizabeth Kimberlee Garrison et al., Plaintiff,
v.
Norman Asa GARRISON, Jr., Defendant.
No. S75-63C.
United States District Court, E. D. Missouri, Southeastern Division.
June 9, 1976.
*98 *99 James F. Ford, Ford, Ford, Crow & Reynolds, Kennett, Mo., for plaintiff.
John W. Reid, II, Schnapp, Graham & Reid, Fredericktown, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
Plaintiff Flora Todd brought this action, basing jurisdiction on 28 U.S.C. § 1332, seeking to quiet title in certain real estate.
This case was tried before the Court without a jury. The Court having considered the pleadings, the testimony of the witnesses, the documents in evidence, the stipulations of the parties, and being otherwise fully advised in the premises, hereby makes the following findings of fact and conclusions of law as required by Rule 52, Federal Rules of Civil Procedure:

FINDINGS OF FACT
1. Plaintiff Flora Todd is a resident of the state of Missouri. Defendant Norman Asa Garrison, Jr. is a resident of Mississippi.
2. On June 12, 1974, the Circuit Court of Dunklin County, Missouri entered a judgment dissolving the marriage of Lee Ann Garrison and Norman Asa Garrison, Jr. A Separation Agreement was made part of the judgment. This judgment has not been appealed, vacated or superseded.
3. At the time of the dissolution, defendant herein was represented by counsel, James E. Reeves of Ward and Reeves, Caruthersville, Missouri. The Separation Agreement mentioned above was prepared by Mr. Reeves and signed by defendant. Defendant had signed a previous separation agreement, prior to retaining counsel. It was Mr. Reeves' opinion that this first separation agreement was unconscionable. Accordingly, he negotiated for, and prepared, the second Agreement which defendant signed and the Circuit Court accepted.
4. The Circuit Court of Dunklin County failed to send defendant a notice of the dissolution as provided for in § 452.320, R.S.Mo. (1974). Mr. Reeves, defendant's counsel, was at the dissolution hearing, however, and he notified defendant that the dissolution had been decreed.
5. On September 8, 1974, Lee Ann Garrison died in Kennett, Missouri. On September 20, 1974, Don S. Jones, the Public Administrator of Dunklin County, Missouri, was issued Letters of Administration in the estate of Lee Ann Garrison and continues to act in such capacity.
6. Lee Ann Garrison left four children surviving her: Elizabeth Kimberlee Garrison, Lila Annjonette Garrison, Norman Asa Garrison, III, and Candice Michelle Garrison.
7. On September 25, 1974, Flora Todd, plaintiff herein and great-aunt of the Garrison children, filed for the appointment of a guardian of the estates of the children for their estates in Missouri. This petition was filed in the Probate Court of Dunklin County. Notice of the hearing on the petition was sent to defendant by the Clerk of the Probate Court. Both defendant, his attorney, John W. Reid, II, and his attorney in Mississippi had notice of the hearing prior to the date thereof.
8. On October 10, 1974, Flora Todd was appointed guardian of the estates of the children and letters of guardianship were issued the following day. Defendant's attorney, John W. Reid, II, had appeared in Kennett, Missouri on October 9, 1974 and discussed the matter with the attorney for Flora Todd. Defendant, however, did not file any pleadings in the Probate Court relative to the appointment of Flora Todd. Mr. Reid did contact the Judge of the Probate Court on the date of the hearing, advising him that he would not be present at the hearing and that the only issue he would raise would be a petition filed in the Circuit Court of Dunklin County, concerning registration of a foreign judgment relating to defendant's appointment as guardian for three of the four children in Mississippi.
9. On September 4, 1975, the Probate Court of Dunklin County issued an order authorizing and directing that plaintiff proceed by filing this suit.
*100 10. The separation agreement which defendant signed and which was made a part of the dissolution decree provided that defendant agreed to convey to Lee Ann Garrison property located at 1009 South Jackson in Kennett, Missouri. The conveyance was to be to Lee Ann Garrison for her life, with the remainder in fee to the four minor children. The type of deed by which the conveyance was to be made was not specified. In addition, defendant agreed to give a quit claim deed to Lee Ann Garrison covering any interest defendant might have in Cherokee Village property. The Cherokee Village property is located in Arkansas.
11. The parties herein agree that the proper description of the Kennett, Missouri property is as follows:
All of a certain parcel of land described as beginning at a point 39 rods South of the Northwest corner of the NE¼ of the SW¼ of Section 2, Township 18 North, Range 9 East, running thence East 1,131 feet to the public road, thence in a Southwesterly direction along said public road 668 feet, thence West 819 feet; thence North 587 feet, to the place of beginning, containing 13 2/3 acres, more or less, all being in the NE¼ of the SW¼ of Section 2, Township 18 North, Range 9 East, LESS AND EXCEPT a part of the NE¼ SW¼ of Section 2, Township 18 North, Range 9 East, described as beginning at the NW corner of the NE¼ of the SW¼ of Section 2, Township 18 North, Range 9 East, and running thence South 950.5 feet, thence South 81° 33' East 436.3 feet for a point of beginning and run thence South 81° 33' East 534.73 feet to a point on the West line of Jackson Street, thence South 25° 49' West 231.3 feet to a point on the North right of way line of Missouri State Highway No. 25, thence in a Southwesterly direction along said right of way on a 2° curve to the right 384 feet to the point on tangent of said curve, thence North 78° 43' West 84.5 feet, thence North 7° 27' East 289.13 feet to the point of beginning, containing 3.0 acres, more or less, also less right of way for highway purpose, Dunklin County, Missouri.
The parties further agree that the proper description of the Cherokee Village property is as follows:
Lots 84 and 85, Block 12, Cherokee Village Subdivision, Dakota First Addition, according to a plat prepared by J.F. Gore & Associates and filed of record in the Office of the Circuit Court Clerk and Ex-Officio Recorder of Sharp County, Northern District, Arkansas, in Plat Book No. 3, at page 224, and subject to the conditions and restrictions as set forth in the Bill of Assurance filed in the Office of the Circuit Court Clerk and Ex-Officio Recorder of Sharp County, Northern District, Arkansas, and recorded in Deed Record No. 45, at pages 72-74, and subject to the easements as shown on said plat.
12. Defendant did not convey the properties as required by the Settlement Agreement.
13. On September 25, 1974, defendant was appointed guardian of his minor children by the Chancery Court of Alcorn County, Mississippi.
14. On March 19, 1975, defendant and his wife, Terri Jo Garrison, executed quit claim deeds covering the two properties mentioned above, conveying the same to defendant as the natural guardian of all his children. These deeds were recorded.
15. Neither plaintiff nor defendant has produced any evidence indicating that either has qualified as a guardian of the estates of the children in Arkansas.
16. Defendant has counterclaimed seeking to quiet title in himself as natural guardian of the children. This claim is based on the March 18, 1975 conveyances of the properties referred to above.

CONCLUSIONS OF LAW
This Court has jurisdiction of the subject matter and of the parties to this suit. 28 U.S.C. § 1332.
Plaintiff brought suit requesting this Court to order defendant to execute conveyances of property in accordance with the *101 Separation Agreement, or in the alternative, for specific performance of the Separation Agreement. Defendant contends that the following issues are involved:
1. Is the Separation Agreement unconscionable?
2. Was the Judgment Entry on June 12, 1974 in the Garrison Dissolution proceeding a final Order or interlocutory Order?
3. Are Norman Asa Garrison, Jr. and his children entitled to the private and peaceful possession of the real estate and personal property which Norman Asa Garrison, Jr. is holding for his children under the 1969 R.S.Mo. § 475.025, and are Norman Asa Garrison, Jr. and his children entitled to a Decree permanently enjoining Flora Todd from asserting any adverse claim to Norman Asa Garrison, Jr.'s children's title to said real and personal property?
The Court is of the conclusion that none of the issues can be reached herein. The evidence establishes that defendant had notice of the dissolution proceedings, had signed the Separation Agreement, and was represented by counsel. He had notice of the petition for appointment of a guardian of the estates of the minor children, and chose not to appear. He has not appealed either the dissolution decree or the appointment of plaintiff as guardian of the children's estates.
The law is clear that a court's order or judgment is immune from collateral attack if the court had jurisdiction of the parties and of the subject matter, and had the jurisdiction to enter the particular order entered. See Pearson v. Pearson, 369 S.W.2d 272 (Mo.App.1963); Rodewald v. Rodewald, 297 S.W.2d 536 (Mo.1957).
Defendant's attempt to assert the invalidity of the dissolution proceedings, the unconscionability of the Separation Agreement, and the incorrectness of plaintiff's appointment as guardian are clearly collateral attacks on the orders and judgments of sister courts. This attack can not be allowed, absent a showing that the respective courts were without jurisdiction, or exceeded their jurisdiction therein. Defendant has made no such showing.
Clearly the question concerning the unconscionability of the Separation Agreement would not go to the question of jurisdiction. Even if the Agreement were unconscionable, which this Court is not prepared to conclude, such would not have deprived the Circuit Court of jurisdiction. Nor could defendant argue that the Circuit Court exceeded its jurisdiction in approving the Agreement. Defendant mentions that under the provisions of § 452.325, R.S.Mo. (1969), the terms of a separation agreement are binding upon the court unless the court finds "after considering the economic circumstances of the parties . . . that the separation agreement is unconscionable". Apparently, defendant is arguing that because the Circuit Court failed to enter findings on the economic circumstances of the parties, the judgment is void. The Court concludes that negative findings concerning unconscionability are not required under the statute and further concludes that were such findings required, the failure to make such findings would not have deprived the Circuit Court of jurisdiction, nor caused it to exceed its jurisdiction such that a collateral attack would be permissible herein.
Defendant's contention that the dissolution judgment was not a final order is based on the fact that defendant did not receive the required 10-day notice of the dissolution of the marriage as required by § 452.320, R.S.Mo. (1974). That section provides, however, that "[t]he failure of such party to receive such notice shall not impair the power of the court to enter an order dissolving the marriage or the validity of such an order . . .". Accordingly, the Court concludes that the judgment of the Circuit Court can not be collaterally attacked on this basis. Cf., Hirst v. Cramer, 195 S.W.2d 738 (Mo. banc 1946); 46 Am. Jur.2nd Judgments § 658.
Lastly, defendant contends that he has conveyed all his property rights to his children in accordance with § 475.025, *102 R.S.Mo. (1969) which provides that a surviving parent is the natural guardian of the child, has custody and care of the child, and further that "[w]hen the estate of a minor is derived from a parent, the parent as natural guardian has all of the powers of a guardian appointed by a court, with respect to property derived from him, except that no court order or authorization is necessary to exercise these powers . . .". Accordingly, defendant argues that the property involved herein was derived from him and under the provisions of § 475.025, he is the natural guardian.
Section 475.095, R.S.Mo. (1969) provides
If any minor . . . domiciled and residing without this state has any estate within this state, the probate court of the county in which the estate or any part thereof may be may appoint some competent person to be guardian of the estate of the minor . . . and the guardianship which is first lawfully granted of the estate of the minor . . . within this state and excludes the jurisdiction of every other court.
Section 475.030 provides in part
2. Letters of guardianship of the estate of a minor shall be granted for that part of the estate of the minor which is not derived from a living parent who is acting as a natural guardian.
3. Letters of guardianship for the estate of a minor may be granted in the following cases:
. . . . .
(2) Where there is a natural guardian of the minor and where the court finds that the best interests of the minor require letters of guardianship for all of his estate [emphasis added]
The import of these statutory provisions is that the surviving parent is the natural guardian of that portion of the child's estate which was derived from the parent. The probate court must issue letters of guardianship for that portion of the child's estate which was not derived from the surviving parent and can, in its discretion, order letters of guardianship covering all of the child's estate, including that derived from the parent. Accordingly, under the provisions of § 475.030(3)(2), the probate court can deprive the surviving parent of the status as natural guardian. If defendant wished to contest the appointment of plaintiff as guardian for the entire estate of his minor children, such action should have been brought before the Probate Court. A collateral attack upon the appointment before this Court, where defendant does not contend that the probate court lacked jurisdiction or exceeded its jurisdiction in appointing plaintiff as guardian of the entire estate of the children is impermissible. Cf., McIntosh v. Wiggins, 356 Mo. 926, 204 S.W.2d 770 (1947); 46 Am.Jur.2d Judgments § 641.
The Court concludes that the provisions of the Separation Agreement involved herein are enforceable and not subject to collateral attack by defendant. Defendant has not complied with these terms and therefore the Court will order compliance.
It is the Court's conclusion that defendant's attempted conveyances of the properties to himself as natural guardian of his children on March 19, 1975 were without force and effect. The attempted conveyance of the Missouri property took place long after plaintiff had been appointed guardian of the estates of the children, which appointment had the effect of terminating any natural guardianship which defendant attempted to assert.
The effect of defendant's attempt to assert himself as natural guardian as to the Arkansas property is dubious. See Ark. Stat. § 57-646 (1949) and Barner v. Barner, 241 Ark. 370, 407 S.W.2d 747 (1966) indicating that the dissolution of the marriage herein, and the accompanying award of the children's custody to Lee Ann Garrison, had the effect of terminating defendant's ability to assert a natural guardianship. In addition, the provisions of Ark.Stat. § 57-647 (1949) would indicate that defendant, as an alleged non-resident natural guardian, would still be required to petition the appropriate probate court in Arkansas in order to qualify as a natural guardian in the *103 state of Arkansas. This defendant has not done. Accordingly, the Court concludes that the March 19, 1975 conveyances were meaningless.
Since the Cherokee Village property is located in Arkansas and apparently neither party herein has qualified as a guardian under Arkansas law, see Ark.Stat. §§ 57-607, 57-647 (1947), the Court will order defendant to convey the Missouri property to plaintiff as guardian, and the Arkansas property to the proper recipient under Arkansas Law.