**Minnie Lou TELGE,**
**Petitioner-Respondent,**

v.

**Donald E. TELGE,**
**Respondent-Appellant.**

**No. WD 34336.**

Missouri Court of Appeals,
Western District.

Sept. 11, 1984.

Max Von Erdmannsdorff, Kansas City, for respondent-appellant.

P. Thomas Loughlin, Kansas City, for petitioner-respondent.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

NUGENT, Judge.

Donald E. Telge appeals from an order of the circuit court dismissing his petition and motion for equitable relief from portions of the circuit court's dissolution decree providing for maintenance, and approving the parties' separation agreement. Mr. Telge also appeals the court's award of attorney's fees to Minnie Lou Telge incurred in defense of the appellant's petition and motion. We affirm the judgment.

On November 18, 1981, Mrs. Telge filed a petition for dissolution of marriage. Pursuant to § 452.325,[1] the parties had earlier entered into a separation agreement disposing of their personal property and real property and providing for maintenance and support payments to Mrs. Telge. Mr. Telge filed an entry of appearance submitting to the jurisdiction of the court. After a hearing at which Mr. Telge was not present, the circuit court on January 21, 1982, entered its decree dissolving the marriage. The decree incorporated the separation agreement's provision for maintenance and support, but stipulated that the provisions disposing of the parties' property were not to be incorporated. The court found that the terms of the agreement were not unconscionable. At the time of the agreement both parties were represented by Mrs. Telge's attorney, Mr. Loughlin. After the decree was entered, Mr. Telge retained separate counsel.

On February 14, 1982, Mr. Telge filed a motion to set aside portions of the decree approving the property settlement agreement and awarding maintenance. As far as we can tell from the record, the trial court did not rule on the motion. On March 3, 1982, Mr. Telge filed a notice of

---

1. All sectional references are to Revised Statutes of Missouri, 1978, as amended. § 452.325 reads in part as follows:

1. To promote the amicable settlement of disputes between the parties to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a written separation agreement containing provisions for the maintenance of either of them, the disposition of any property owned by either of them, and the custody, support and visitation of their children.

2. In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, except terms providing for the custody, support, and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable.

appeal from the court's January 21 decree. On June 25, 1982, this court dismissed that appeal (along with the appeals in five other unrelated cases) "for failure to prosecute the appeal within the periods of time allowed under the Rules of Civil Procedure." While that first appeal was still pending, however, he filed his petition for equitable relief which is in issue in this case.

In his petition in this case, Mr. Telge asserted that in the dissolution decree and the approved settlement agreement the court did not fully evaluate and enumerate the parties personal property, nor did the agreement and decree make a complete disposition of the parties' personal property. Therefore, he contended, the decree was not a final judgment and thus any appeal right had not matured. He also asserted that the award of maintenance was not proper since Mrs. Telge's own income was adequate for her needs. The circuit court heard the case and dismissed the petition, awarding Mrs. Telge $1,490 for attorney's fees.

Mr. Telge raises three points on appeal. His first point refers to the disposition of personal property approved by the court, the same assertion found in the petition for equitable relief. His second point is that the judgment for maintenance and support is void and unenforceable since the judgment is vague and ambiguous and not susceptible to precise determination. Finally, Mr. Telge alleges the award of fees was not proper because Mrs. Telge failed to show she was in need of the award and because she is financially able to pay her attorney.

▇ The action below was for equitable relief and was thus heard by the court. The scope of our review is set forth in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. 1976) (en banc), which requires that a "decree or judgment of trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it erroneously declares the law, or unless it erroneously applies the law." The parties did not request findings of fact and conclusions of law and the court made

none. Where no findings of fact and conclusions of law are requested or given, all issues are deemed to be found in accordance with the judgment, and the judgment is to be affirmed under any reasonable theory presented by the evidence. *Porter v. Posey,* 592 S.W.2d 844, 848 (Mo.App. 1979).

Mr. Telge's first point raises two issues: First, whether the court's approval of the settlement agreement disposing of their personal property was erroneous because, in deciding that the agreement was not unconscionable as required by § 452.325, the court did not consider the factors set forth in § 452.330. Although by its terms § 452.330 applies where the court divides the property of the parties, we have held that "when a trial court considers the propriety of a property settlement under § 452.325.2, then the court should consider the factors recited in § 452.330 for a division by the court where no agreement exists." *Block v. Block,* 593 S.W.2d 584, 591 (Mo.App.1979). But in this case, consideration of that issue is obviated by our resolution of the second issue raised by the first point.

▇ That second issue is whether the court's decree did not dispose of all the parties' property and, therefore, is not a final judgment for purposes of appeal. The latter issue is decisive. If the trial court's original decree approving the settlement agreement is a final judgment, then this action is a collateral attack upon it. In general, a final judgment is immune from collateral attack if the court had personal and subject matter jurisdiction and the judgment is not void on its face. *Todd v. Garrison,* 417 F.Supp. 97, 101 (E.D.Mo. 1976); *La Presto v. La Presto,* 285 S.W.2d 568, 570 (Mo.1955).

The *Todd* decision involved circumstances similar to those in this case. That was an action to quiet title to real property distributed pursuant to an earlier dissolution decree and an incorporated separation agreement. The defendant attacked the agreement on the grounds that it was unconscionable and that the dissolution de-

cree was not a final judgment and thus was unenforceable. The district court, relying upon Missouri law, refused to reach the conscionability issue, holding that the circuit court's judgment was a final judgment for purposes of res judicata and not subject to collateral attack on the grounds asserted because the defendant had failed to appeal from the decree. The circuit court in our case had subject matter and personal jurisdiction, and, if it was res judicata, its decree is immune from attack on the grounds asserted.

■ The issue of finality in this case is controlled by *State ex rel. McClintock v. Black*, 608 S.W.2d 405 (Mo.1980) (en banc). In *McClintock*, a party to a separation agreement which was incorporated into a dissolution decree sought a writ of mandamus ordering the circuit court to assume jurisdiction to vacate a decree on the ground that it did not dispose of all the property. The Supreme Court sustained the appellate court's quashing of the writ on the basis that the decree was a final judgment for purposes of res judicata. *Id.* at 406. No appeal had been taken from the original decree, and the relator had sought to vacate the decree seven months after its entry. The Supreme Court held that the relator had confused finality for purposes of appeal and for purposes of res judicata. Where the time for appeal has run, the order of the trial court, although it fails to dispose of all the property, is res judicata as to the property covered by the decree. *Id.* Where undistributed property is discovered before the time for appeal has run, the appellate court must dismiss the appeal because the court's order is not a final judgment for purposes of appeal and the trial court has not exhausted its jurisdiction. *Id.* The court went on to suggest that, if the undistributed property is marital property, the aggrieved party may seek

equitable relief to remedy the situation. *Id.* at 407.[2]

■ In *McClintock* the relator failed to file an appeal at all from the original decree and sought to have the trial court assume jurisdiction of the judgment seven months after entry of the judgment. The Supreme Court held that, "once the time for appeal has run, the order of the trial court, although it has failed to divide all the property, is *res judicata* and *final* as to the property with which it has dealt." 608 S.W.2d at 406. In our case, Mr. Telge did file his notice but it was filed forty-one days after entry of the judgment and was untimely. Rule 81.04. The right to appeal is purely statutory, and an indispensable prerequisite to appellate jurisdiction is the timely filing of a notice of appeal. *See State ex rel. Blackwell v. Elrod*, 604 S.W.2d 768, 769 (Mo.App.1980).

■ Absent a timely motion for new trial, a judgment becomes final for purposes of appeal thirty days after judgment entry. Rule 81.05. Here an after-trial motion was filed, but not within fifteen days. It cannot be treated as a timely motion for new trial. Rule 78.04. The trial court loses jurisdiction over the judgment after thirty days absent the filing of a timely new trial motion. Rules 75.01; 78.04; 78.06. Mr. Telge's attorney did not seek from this court a special order to file an untimely notice of appeal pursuant to Rule 81.07 within the time period provided for by the rule. Therefore, the original decree and judgment is res judicata and the rule in *McClintock* applies.

■ *McClintock* is distinguishable from this case, but Mr. Telge will find no comfort in the distinction. In *McClintock* the agreement was incorporated into the decree, whereas the Telges' agreement expressly provides that its terms covering the

---

**2.** There the court in an obiter dictum said:

It would seem that if the property not distributed by the order of the trial court is marital property (a question we do not decide in this case), a remedy should be made available. Mo. Const. art. I, § 14. We can reasonably anticipate that the General Assembly will fill in this patent gap in the Dissolution of Marriage Law. In the meantime, we suggest that Sharon file in the trial court a separate proceeding seeking equitable relief in this rather unique fact situation. If a party feels aggrieved, the propriety of this subsequent proceeding, or its result, can be tested on appeal.

disposition of the parties' property are not to be incorporated into the decree. Where the provisions of an approved settlement agreement are not incorporated into a decree, the terms are contractual and are to be interpreted and enforced in accordance with contract law. § 452.325.4(2). *Craver v. Craver*, 649 S.W.2d 440, 444 (Mo.1983) (en banc); *Goodman v. Goodman*, 576 S.W.2d 747, 749 (Mo.App.1979). Mr. Telge asserts that the agreement does not dispose of all the property, but the following term of the agreement is inclusive in its provision for division of the personal property. It says:

PERSONAL PROPERTY. *All personal property,* furniture, and household goods have been divided in a manner satisfactory to both parties, and except as *otherwise* agreed, the party in whose possession any personal property is in at the present time shall have the right to continue possession of said personal property. The parties agree that each will hereafter continue to possess, own, have and enjoy, independently of any claim of the other, all items of personal property of every kind, nature or description and wheresoever situated now or hereafter belonging to him or to her or in his or her present possession, with full power to him or to her to dispose of the same as fully and effectually in all respects and for all purposes as though he or she were unmarried.... The parties shall immediately, freely surrender possession of said property to the other party. Each party shall herewith deliver to the other all property or documents evidencing ownership of property which by the terms of this agreement is to remain or become the property of the other. The parties acknowledge that the approximate fair market value of the personal property set off to each of the parties is Five Thousand and No/100 ($5,000.00) Dollars per party. (Emphasis added.)

Mr. Telge's real complaint in this case appears to be that the contract has not been carried out. If that is so, his cause of action is upon the contract. That issue is not before us.

Mr. Telge's second point is that the agreement's term for maintenance and support which was incorporated into the decree is void because the term is indefinite and the amount is not ascertainable from the face of the judgment. We need not decide whether the term is indefinite and unascertainable because even if that is the case, it does not render the judgment void and unenforceable. *Payne v. Payne*, 635 S.W.2d 18, 22 (Mo.1982) (en banc); *Bryson v. Bryson*, 624 S.W.2d 92, 96–98 (Mo.App. 1981). If execution cannot issue from the judgment, then the court upon motion can determine the exact amount due under the decree. *Payne, supra; Bryson, supra.*

Finally, Mr. Telge claims the lower court's award of attorney's fees to Mrs. Telge incurred in defense of the equitable action was error because Mrs. Telge made no showing of inability to pay and in fact she is able to pay her attorney. The rule for award of attorney's fees incurred in dissolution cases is set forth in *Kieffer v. Kieffer*, 590 S.W.2d 915, 918 (Mo.1979) (en banc), construing § 452.355. The court held there that the financial state of the recipient of the award is only one factor to be considered and that an inability to pay the fee is not determinative of the issue. The trial court is given considerable discretion in making this decision. *Id.* at 918. Whether or not Mrs. Telge can pay her attorney is not determinative. In view of Mr. Telge's larger income and the extent of the trial court's discretion in such matters, we find no error in the award.

For the foregoing reasons, we affirm the judgment of the circuit court.

All concur.